UNITED STATES ex rel. TURPIN v. WARDEN OF GREEN HAVEN PRIS-ON OF STATE OF NEW YORK.

No. 295, Docket 22053.

United States Court of Appeals Second Circuit.

Argued June 14, 1951.

Decided July 3, 1951.

Henry K. Chapman and Joseph Aronstein, New York City, for appellant.

Nathaniel L. Goldstein, Atty. Gen. of the State of New York (Wendell P. Brown, Solicitor General, Albany, N. Y., and Samuel A. Hirshowitz and Vincent A. Marsicano, Asst. Atty. Gen., of counsel), for appellee.

Charles P. Sullivan, Dist. Atty., Queens County, Long Island City, N. Y., Henry W. Schober, Asst. Dist. Atty., Ridgewood, N. Y., of counsel, filed a brief on behalf of appellee.

Before SWAN, AUGUSTUS N. HAND and L. HAND, Circuit Judges.

## PER CURIAM.

██ The relator is serving a sentence imposed upon him as a second offender by the County Court of Queens County on his plea of guilty.[1] The conviction which the Queens County court accepted as making him a second offender was a sentence imposed in 1945 by the court of Richland County, Wisconsin upon charges to which he had there pleaded guilty. His present writ seeks to inquire into the legality of his conviction in Wisconsin. He contends that he was denied his constitutional rights of "due process" when sentenced on his plea of guilty, because the judge did not inform him of his right to counsel and cause a record of such advice to be made upon the minutes of the court or in a transcript of the proceedings, as required by section 357.26(2) of the Wisconsin statutes.[2] Whether his sentence was regular under the Wisconsin statutes does not determine the application of the federal rule of due process. The Fourteenth Amendment does not require that counsel be assigned to the accused in all felony prosecutions,[3] although, if he asks for counsel, the refusal to assign one in a capital case is a denial of due process. Williams v. Kaiser, 323 U.S. 471, 65 S.Ct. 363, 89 L.Ed. 398. Nor is the failure to advise the accused of his right to counsel necessarily a denial of his constitutional rights. From a review of the numerous decisions of the Supreme Court the rule has emerged that "To invalidate a plea of guilty the prisoner must establish that 'for want of benefit of counsel an in-

1. A prior order denying the relator's petition for a writ of habeas corpus was reversed by this court in United States ex rel. Turpin v. Snyder, 2 Cir., 183 F.2d 742. Upon remand that proceeding was dismissed because, among other reasons, the petitioner was not then serving time in excess of the longest sentence that could be imposed upon him as a first offender. This was no longer the fact when the present writ was issued.

2. See State ex rel. Doxtater v. Murphy, 248 Wis. 593, 22 N.W.2d 685.

3. Betts v. Brady, 316 U.S. 455, 471, 62 S.Ct. 1252, 86 L.Ed. 1595; Foster v. Illinois, 332 U.S. 134, 67 S.Ct. 1716, 91 L.Ed. 1955; Uveges v. Pennsylvania, 335 U.S. 437, 69 S.Ct. 184, 93 L.Ed. 127.

254

gredient of unfairness actively operated in the process that resulted in his confinement.'" Quicksall v. Michigan, 339 U.S. 660, 666, 70 S.Ct. 910, 913, 94 L.Ed. 1188. The appellant did not meet this test at the hearing below. Judge Clancy found that although the County Judge of Richland County, Wisconsin failed to advise the accused of his right to counsel, the District Attorney in Wisconsin had explained to him the crimes charged and advised him of his right to counsel. His denial of the District Attorney's testimony was not believed by Judge Clancy. He did not deny that he stole the car in Wisconsin, nor was there any showing of oppressive conduct which deprived him of a fair hearing. Under the rule of the Quicksall case, supra, the relator was not entitled to relief and the writ was properly discharged.