**Petition of Ernest E. WELLS For a Writ of Habeas Corpus.**

United States District Court
S. D. New York.
Nov. 13, 1956.

Ernest E. Wells, pro se.

Jacob K. Javits, Atty. Gen., for respondent, Warden of Green Haven Prison, by Michael Freyberg, Deputy Asst. Atty. Gen.

IRVING R. KAUFMAN, District Judge.

In accordance with an order of Judge Sugarman, dated October 10, 1956, the respondent, Warden of Green Haven Prison, Stormville, New York, has been required to show cause why a writ of habeas corpus requiring the respondent to produce the presently incarcerated petitioner, Ernest E. Wells, should not issue.

Petitioner's imprisonment is pursuant to his conviction .of the crime of burglary in the second degree for which he was sentenced as a second felony offender

# 20

on June 7, 1955, by the County Court of Dutchess County, New York, to a term of from seven and one-half to fifteen years in the state prison. His status as a second felony offender was based on a prior conviction of the petitioner which occurred on February 3, 1942, when he was convicted in the Suffolk Superior Criminal Court, Boston, Massachusetts, of the crime of armed robbery upon a plea of guilty.

Petitioner contends that this previous conviction was unconstitutional because he did not have the aid of counsel and that, therefore, his present detention is invalid. Although the hand-drawn petition contains broad assertions that there has been a denial of due process, it fails to allege that the petitioner did not know and was not advised of his right to have counsel; that counsel was refused him or that any unfairness resulted from the failure to be represented by counsel. There is no allegation in his papers that the result would have been different in any respect if he were represented by counsel, nor does he state that he is innocent of the charge to which he pleaded guilty.

■ Certainly, while it is preferable to have all defendants in criminal cases represented by counsel, the mere failure to appoint counsel does not constitute a violation of the rights of the petitioner under the Fourteenth Amendment. Even where counsel is refused or where the petitioner is not advised of his right to counsel, there must be some further indication that it resulted in unfairness. This principle was firmly reiterated by the Court of Appeals for the Second Circuit in United States ex rel. Turpin v. Warden of Green Haven Prison, 1951, 190 F.2d 252, certiorari denied,

342 U.S. 872, 72 S.Ct. 116, 96 L.Ed. 656. The Court stated, 190 F.2d at page 253:

"Nor is the failure to advise the accused of his right to counsel necessarily a denial of his constitutional rights. From a review of the numerous decisions of the Supreme Court the rule has emerged that 'To invalidate a plea of guilty the prisoner must establish that "for want of benefit of counsel an ingredient of unfairness actively operated in the process that resulted in his confinement."' Quicksall v. Michigan, 339 U.S. 660, 666, 70 S.Ct. 910, 913, 94 L.Ed. 1188. * * *"

■ Furthermore, the petitioner's papers fail to reveal any efforts on his part to obtain other post-conviction remedies in the state courts of either Massachusetts or New York or that such efforts if made would be of no avail. It is clear that resort to the federal district court is not appropriate until state remedies have been pursued and exhausted or that such pursuit would be an idle act.

Upon the facts alleged by the petitioner,[1] the application for a writ of habeas corpus must be denied. This is not to be construed, however, as foreclosing the petitioner from seeking another writ if he can show that there are *facts* which will entitle him to this relief. I emphasize "facts" because mere conclusionary allegations of innocence or of miscarriage of justice (even such statements were omitted from the present petition) will not be sufficient to enable the petitioner to "obtain an excursion from a distant penitentiary at government expense." United States v. Pisciotta, 2 Cir., 1952, 199 F.2d 603, 606.

Application denied. So ordered.

---

[1]. The factual assertions in this case should be contrasted with those involved in United States ex rel. Smith v. Jackson, 2 Cir., 1956, 234 F.2d 742. The Court gave this summary of the allegations:

"Smith alleges that he was 18 years old at the time of his arrest, that he was held incommunicado, that he was deprived of counsel, and that from beginning to end his treatment was tainted with coercion and abuse. * * * An untutored 18 year old boy, without benefit of counsel, could not have been aware of what he was forfeiting by his flight." At page 748.