**UNITED STATES of America ex rel. Burdette HADLEY, alias James Hadley, Petitioner,**

v.

**Robert E. MURPHY, as Warden of Auburn State Prison, Auburn, New York, Respondent.**

Civ. No. 7641.

United States District Court
N. D. New York.

July 15, 1959.

Burdette Hadley, pro se.

J. Michael Hippick, Albany, N. Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen., Raymond B. Madden, Asst. Atty. Gen., Frank S. Hogan, Dist. Atty., New York City, for respondent.

JAMES T. FOLEY, District Judge.

By memorandum-decision dated June 12, 1959, I entertained the petition in this matter as one for a writ of habeas corpus and issued an order to the Attorney General of New York and the District Attorney of the County of New York to show cause pursuant to 28 U.S. C.A. § 2243 why the writ should not be granted. The Attorney General has filed the usual detailed affidavit in good form opposing the grant of the writ, and the District Attorney does not file in answer or opposition but joins in the affidavit of the Attorney General.

The challenge of the petitioner is to a judgment of conviction rendered against him more than thirty years ago in 1929, in the State of Oregon, that was used against him in New York under its Multiple Offender Law, Penal Law New York, McKinney's Consol. Laws, c. 40, Section 1941. The challenge is the one increasing daily in this District Court that the petitioner at the time of his plea of guilty many years ago was not advised of his right to counsel nor did he effectively and intelligently waive such right, and pleaded without the assistance of counsel. The petition makes no attempt to intimate that petitioner was innocent of the crime charged against him but this factor and laches in the presentation of the challenge seem now to be considered irrelevancies in the federal disposition of these problems. United States ex rel. Smith v. Jackson, 2 Cir., 234 F.2d 742; United States ex rel. Savini v. Jackson, 2 Cir., 250 F.2d 349; United States v. Morgan, 2 Cir., 222 F.2d 673; United States ex rel. Farnsworth v. Murphy, 2 Cir., 254 F.2d 438, Waterman, J. dissenting; certiorari granted, judgment vacated 358 U.S. 48, 79 S.Ct. 76, 3 L.Ed.2d 46. Many of the arguments now

presented in the opposing affidavit of the Attorney General are answered in these cases.

Most important, however, is the imposing list of cases in the Court of Appeals, Second Circuit, and the United States Supreme Court that hearings should be held where similar challenge is made as to lack of counsel no matter the ineptness or lack of persuasion in the written petition to demonstrate essential unfairness. Cases above; United States ex rel. Dennis v. Murphy, 2 Cir., 1959, 265 F.2d 57; Davis v. Jackson, 2 Cir., 246 F.2d 268; United States ex rel. Marcial v. Fay, 2 Cir., 247 F.2d 662, certiorari denied 355 U.S. 915, 78 S.Ct. 342, 2 L.Ed.2d 274; Commonwealth of Pa. ex rel. Herman v. Claudy, 350 U.S. 116, 76 S.Ct. 223, 100 L.Ed. 126. The most striking authority is the Farnsworth case, supra, in which Judge Lumbard gave forceful reasons why the petition—very similar to the one here—should be dismissed on its face. Judge Waterman, dissenting, gave equal forceful reasons why a hearing should be granted and the petitioner should have his day in court without technical construction of the petition. His view prevailed by the final remand of the Supreme Court to the District Court for a hearing. 358 U.S. 48, 79 S.Ct. 76, 3 L.Ed.2d 46.

It seems also important to note for the District Attorneys of the State of New York the viewpoint of the Court of Appeals, Second Circuit in regard to the burden imposed to defend the constitutional validity of previous convictions used against a defendant under the provisions of the New York Multiple Offender Law. The statement of Judge Hincks in the Savini case (250 F.2d 349, at pages 354–355) was cited with favor by Judge Waterman in Farnsworth (254 F.2d 438, at page 448): "the burden * * * is an inescapable incident to legislation such as the New York Multiple Offender Law. To the extent that any State makes its penal sanctions depend in part on the fact of prior convictions elsewhere, necessarily it must assume the burden of meeting attacks on the constitutionality of such prior convictions. Constitutional guarantees should not be shorn of their vitality merely to facilitate the administration of a penal policy whereby the sentence on one conviction depends in part on a prior conviction."

A writ of habeas corpus is being issued herewith for a hearing to be held in Albany at the Court Room in the Federal Building at 11:00 o'clock A.M. on September 1, 1959. The return of the writ is extended beyond the usual time limit because of the long passage of time involving the challenged conviction and the obvious burden on the State of New York to prepare for the hearing. The hearing is afforded only to allow the petitioner to have his day in Court and prove his assertions that lack of counsel and other circumstances resulted in fundamental unfairness. I assign and appoint J. Michael Hippick, Attorney at Law, 82 State Street, Albany, N. Y., to act as attorney for petitioner. The petition and opposing affidavit of the Attorney General shall be retained in this office at Albany for use by Attorney Hippick.