UNITED STATES of America ex rel. Burdette HADLEY, alias James Hadley, Petitioner,

v.

Robert E. MURPHY, as Warden of Auburn State Prison, Auburn, New York, Respondent.

Civ. No. 7641.

United States District Court
N. D. New York.

Oct. 12, 1959.

J. Michael Hippick, Albany, N. Y., for petitioner.

Louis J. Lefkowitz, Atty. Gen., State of New York, Frank S. Hogan, Dist. Atty., New York County, New York City, Raymond B. Madden, Asst. Atty. Gen., of counsel, for respondent.

JAMES T. FOLEY, District Judge.

The petitioner filed for a writ of habeas corpus. I issued an order to show cause to the Attorney General of New York why the writ should not be granted and explained my reasons for such issuance in a memorandum-decision dated June 12, 1959. D.C., 178 F.Supp. 149. The Attorney General filed an opposing affidavit, joined in by the District Attorney, in answer to the order to show cause. By memorandum-decision dated July 15, 1959, D.C., 174 F. Supp. 769, I issued the writ for a hearing and explained in detail my reasons for overruling the contentions of the Attorney General as to such procedure basing the direction of a hearing mainly upon the recent authority, U. S. ex rel. Farnsworth v. Murphy, 2 Cir., 254 F.2d 438, certiorari granted, judgment vacated, 358 U.S. 48, 79 S.Ct. 76, 3 L.Ed.2d 46. I appointed an attorney for the petitioner at that time and the hearing was held on the 1st day of September, 1959, at which the petitioner was the sole witness. The minutes of the hearing were transcribed, shall be filed with the Clerk as part of the record, and shall be referred to herein.

Certain facts which I had discussed in my previous decisions were clarified at the hearing. In 1943, the petitioner, upon his plea of guilty to Robbery Third Degree, was sentenced from 15 years to life as a fourth offender under the New York Multiple Offender Law. Penal Law N.Y., McKinney's Consol.Laws, c. 40, § 1942. In 1945 such sentence was vacated and set aside, and he was sentenced from five to ten years as a third offender. Penal Law, § 1941. (R. 4–5.) He was paroled in April, 1947 (R. 22–23) by New York, was convicted in June, 1950 in Texas and confined there until 1954. When released from Texas prison in 1954, he was returned to California as a parole violator and confined there until August, 1956, when he was returned to New York as a parole violator owing six years and three months on his 1945 New York sentence. (R. 23, 24, 25.) These computations as to his time served in New York as of the time his petition herein was filed are important because the computation of seven years served on the ten-year sentence answers the argument that the application might be premature. R. 26; United States ex rel. Smith v. Martin, 2 Cir., 242 F.2d 701; U. S. ex rel. Smith v. Jackson, 2 Cir., 234 F.2d 742, 749; see Ingenito v. New Jersey, 3 Cir., 238 F.2d 935. So there is the possibility present that the petitioner being resentenced as a second offender could get a lesser maximum than ten years, but to be practical, in view of his long record, such possibility seems very dim to me. (R. 33.)

The important facts, of course, upon this petition and hearing are the circumstances surrounding the plea of guilty by the petitioner far back in 1929 in the State of Oregon, to the crime of forgery, being sentenced upon such plea to one year imprisonment. There was not the slightest hesitation on the part of the petitioner to testify that he committed the crime charged to which he pleaded guilty. (R. 9–10.) Nor did he hesitate to say he knew what forgery was and admitted there was nothing complicated about that charge. (R. 21.)

The petitioner fixes his age at 15 years, 9 or 10 months at the time of this plea. (R. 8.) There is no birth certificate to support his testimony, and if we are to accept such age, the petitioner was 12 years old when he was committed to Oregon State Training School for theft of an automobile, and enlisted in the Navy when he was 13 years old and was posted as a deserter after 4 months' service and given a bad conduct discharge. (R. 12, 18, 33.) Assuming the testimony as to his age to be true, and I do not so find, his own testimony portrays an unfortunate background with no family ties conducive to a shrewd and unsocial nature development at an early age.

We shall have to accept the testimony of the petitioner that he was not advised of his right to counsel when he pleaded, nor did he know of such right and intelligently waive it. However, it is incredible to me that the District Attorney would go down into the basement of a jail with a youthful offender against whom he had an airtight case and threaten "to give me all he could." The testimony is hazy, indefinite, without good quality, and I do not accept it. I think we should have more faith in our public officials and accord them the recognition that they are and have been as kind and thoughtful to the young and wayward as other human beings are. Also, I think we should accord credence and integrity to public records and accord them the presumption of regularity. Johnson v. Zerbst, 304 U.S. 458, 468, 58 S.Ct. 1019, 82 L.Ed. 1461. The ones here acquired by the Assistant Attorney General from Oregon show that the petitioner waived his right to indictment, requested the court here and now to accept his plea of guilty and requested the court to pass sentence without further delay.

I do not find in the record made any ingredient of fundamental or essential unfairness in the State Court proceedings that would impel me to sustain this writ and remand for resentencing. There is nothing extreme in the sentence of one year; the confinement of the defendant before voluntary plea was at the most five days, and there is no credible evidence to indicate pressure or coercion in the making of the plea. Gibbs v. Burke, 337 U.S. 773, 781, 69 S.Ct. 1247, 93 L.Ed. 1686; Quicksall v. Michigan, 339 U.S. 660, 666, 70 S.Ct. 910, 94 L. Ed. 1188; United States ex rel. Turpin v. Warden of Green Haven Prison, 2 Cir., 190 F.2d 252; United States ex rel. Marcial v. Fay, 2 Cir., 247 F.2d 662, 667; also Lumbard, J., dissenting, pages 671–672.

Of course, a coddling approach might conclude that if this petitioner were treated more solicitously in 1929 he might not have pursued the long career of crime which he chose. Such prognosis is for the Almighty and I would heed the worldly cautions of Justice Cardozo in Snyder v. Massachusetts, 291 U.S. 97, 122, 54 S.Ct. 330, 338, 78 L.Ed. 674: "But justice, though due to the accused, is due to the accuser also. The concept of fairness must not be strained till it is narrowed to a filament. We are to keep the balance true"; Justice Douglas, in Chessman v. Teets, 77 S.Ct. 1127, 354 U.S. 156, at page 173, 77 S.Ct. 1127, 1136, 1 L.Ed.2d 1253 said: "I would guard the ancient writ jealously, using it only to prevent a gross miscarriage of justice."

I find no unfairness surrounding the plea of guilty by the petitioner to the crime of forgery in the State of Oregon in 1929. The writ of habeas corpus issued solely for the hearing is not sustained but is hereby dismissed. The petition is denied and dismissed. The papers shall be filed by the Clerk of the Court without the usual requirement for the prepayment of fees, and it is

So ordered.