EVANGELICAL ALLIANCE MISSION, Respondent, v. VILLAGE OF WILLIAMS BAY, Appellant.

*No. 241. Argued February 1, 1972.—Decided February 29, 1972.*
(Also reported in 194 N. W. 2d 646.)

For the appellant there was a brief and oral argument by *William H. Freytag* of Elkhorn.

For the respondent there was a brief by *Sweet & Eberhardt* of Elkhorn, and oral argument by *Daniel H. Eberhardt.*

WILKIE, J. Two issues are dispositive of this appeal:
1. Is sec. 70.11 (4), Stats., ambiguous?
2. Is the property which is used by transient missionaries exempted by the statute as being property used for "housing" purposes?

The Mission claims an exemption under sec. 70.11 (4), Stats. That statute, in relevant part, reads:

"70.11 **Property exempted from taxation.** The property described in this section is exempted from general property taxes:

"...

"(4) EDUCATIONAL, RELIGIOUS AND BENEVOLENT INSTITUTIONS; ... Property owned and used exclusively by ... churches or religious, educational or benevolent associations, ... and also including property owned and used for *housing* for pastors and their ordained assistants, members of religious orders and communities, and ordained teachers, whether or not contiguous to and a part of other property owned and used by such associations or churches; ... but not exceeding 10 acres of land necessary for location and convenience of buildings while such property is not used for profit. ... Leasing such property to similar organizations for educational or benevolent purposes, where all the income derived therefrom is used for maintenance, shall not render the property taxable." (Emphasis added.)

The Mission argues that its property falls squarely under this statute, while the village contends that this statute is ambiguous and requires reference to the legislative history so as to disclose the meaning of the word "housing" in the statute.

This court will not consider legislative history of a statute unless the statute is ambiguous.[1] "Ambiguity"

---

[1] *Alexander v. Farmers Mut. Automobile Ins. Co.* (1964), 25 Wis. 2d 623, 626, 131 N. W. 2d 373; *Miller v. Wadkins* (1966), 31 Wis. 2d 281, 285, 142 N. W. 2d 855.

exists when a statute is capable of being understood by reasonably well-informed persons in two or more different senses.[2] In the present case, appellants argue that the word "housing" as used in sec. 70.11 (4), Stats., is ambiguous thereby requiring a reference to the legislative history.

The word "housing" as used in the statute here has a definite meaning—shelter or lodging. The definition of housing as pertinently set forth in Webster's Third International Dictionary, is as follows:

"**housing** n., 1: Shelter, Lodging 2a: the act of placing under shelter b: the act of living in a house 3: dwellings provided for numbers of people or for a community (— for the aged) 4a: something that covers or protects . . . ."[3]

The word "housing" is not ambiguous. The village contends that "housing" might mean dwellings occupied by permanent residents, not by transient missionaries. The word "housing" embraces shelter or lodging and contains nothing to reveal an ambiguity based on the length of time that persons occupy this housing. This statute should be read as written,[4] and resort cannot be had to the legislative history of the section to create the very ambiguity that the village contends for.

There is no question here but that the Mission has met all of the requirements of sec. 70.11 (4), Stats., necessary to having the property in Williams Bay declared "housing" within the meaning of the statute.

The village argues that "housing" should be interpreted to mean a dwelling permanently occupied by clergymen, all the time, as a domicile. While the statute should be

---

[2] *Kindy v. Hayes* (1969), 44 Wis. 2d 301, 308, 171 N. W. 2d 324.

[3] *Webster's New International Dictionary* (3d ed., unabridged), p. 1097.

[4] *Estate of Pamanet* (1970), 46 Wis. 2d 514, 516, 175 N. W. 2d 234, 177 N. W. 2d 105.

precise as to what is exempted, to adopt the argument of the village would be to strain the meaning of the statute. The building in Williams Bay is a house, used for residential purposes by various members of the religious organization. There is no requirement in the statute that the house be a domicile or that the housing be used strictly for religious purposes. Here the house, owned by the Mission, is used for the rest and recreation of the missionaries and employees of the Mission. Under a reasonable and simple reading of the statute we conclude, as did the circuit court, that the building and surrounding property is "housing" within the meaning of sec. 70.11 (4), Stats., and is entitled to an exemption.

*By the Court.*—Judgment and order affirmed.