Anthony J. STRIGENZ, D.D.S., Respondent,

v.

WISCONSIN DEPARTMENT OF REGULATION & LICENSING, DENTISTRY EXAMINING BOARD, Appellant.†

Court of Appeals

*No. 80–189. Submitted on briefs September 25, 1980.—
Decided October 16, 1980.*
(Also reported in 299 N.W.2d 589.)

† Petition to review granted.

446

For the appellant there was a brief by *Bronson C. La Follette*, attorney general, and *Lowell E. Nass*, assistant attorney general.

For the respondent there was a brief by *Godfrey & Kahn, S.C.* of Milwaukee.

Before Voss, P.J., Brown and Scott, J.J.

SCOTT, J. The Dentistry Examining Board limited Strigenz' license to practice dentistry on the sole ground that Strigenz was grossly negligent in his treatment of fourteen patients. The Board concluded that Strigenz, by his gross negligence, engaged in "unprofessional conduct in the course of practicing dentistry" in violation of sec. 447.07(3)(a), Stats.[1] We hold the Board has no authority under the statutes or the administrative code to sanction a dentist for his negligence, and we affirm the circuit court's vacation of the Board's order.

The issue in this case is whether the term "unprofessional conduct," as used in sec. 447.07(3)(a), Stats., includes negligent conduct. Section 447.07(5), Stats., de-

---

[1] Section 447.07(3)(a), Stats., provides:

(3) Subject to the rules promulgated under s. 440.03(1), the examining board may on its own motion make investigations and conduct hearings in regard to any alleged actions of any licensed dentist . . . and may, on its own motion, or upon complaint in writing, suspend or revoke such license, registration or certificate, or reprimand the holder thereof if it finds that the holder as been guilty of:

(a) Immoral, dishonorable or unprofessional conduct in the course of practicing dentistry;

. . . .

fines "unprofessional conduct" as, among other things, "conduct unbecoming a professional person." The Board would have this court add to the statutory definition of "unprofessional conduct" the words "or conduct reflecting incompetence and a high degree of negligence." We decline to attach an additional meaning onto the legislature's definition of "unprofessional conduct."

For certain licensed practitioners other than dentists, the legislature has expressly provided that negligent or grossly negligent conduct shall constitute grounds for disciplinary action: nurses, sec. 441.07, Stats.; architects and engineers, sec. 443.01(13)(a)4, Stats.; surveyors, sec. 443.02(8)(a), Stats.; physicians, sec. 448.02(3), Stats.; psychologists, sec. 455.09(1)(h), Stats.; and hearing aid dealers, sec. 459.10(4), Stats. The same is true for incompetency or gross incompetency: barbers, sec. 158.14(2)(b), Stats.; nurses, sec. 441.07, Stats.; surveyors, sec. 443.02(8)(a), Stats.; optometrists, sec. 449.-07(1)(b), Stats.; real estate brokers, sec. 452.10(2)(i), Stats.; watchmakers, sec. 454.08(2), Stats.; nursing home operators, sec. 456.10(1)(a), Stats.; and hearing aid dealers, sec. 459.10(4), Stats.

The legislature's express provision that negligent conduct shall constitute grounds for disciplinary action as to certain licensees and its conspicuous failure to provide that negligent conduct shall constitute such grounds as to dentists indicates the legislature's intent to treat dentists differently from other licensees. "[W]here a statute with respect to one subject contains a given provision, the omission of such provision from a similar statute concerning a related subject is significant in showing that a different intention existed." *State v. Welkos,* 14 Wis.2d 186, 192, 109 N.W.2d 889, 892 (1961).

Both Strigenz and the Dentistry Examining Board agree that pursuant to authority delegated by secs. 15.08

(5) (b) and 227.014(2), Stats., the Board could have adopted a rule interpreting "unprofessional conduct" as used in ch. 447, Stats., to include conduct reflecting incompetency or a high degree of negligence. For example, the Medical Examining Board has adopted a rule defining "unprofessional conduct" as used in ch. 448, Stats., to include "practicing . . . when unable to do so with reasonable skill and safety to patients." Wis. Adm. Code, sec. Med. 10.02(2) (i). If the Dentistry Examining Board had adopted a similar rule, Strigenz' violation of the rule could have constituted grounds for disciplinary action. Sec. 447.07(3) (f), Stats.

The failure of both the legislature and the Dentistry Examining Board to specifically state that negligence or gross negligence is a ground for disciplinary action on a dentist's license compels this court to conclude the Board had no authority to sanction Strigenz for his gross negligence.

*By the Court.*—Order affirmed.