STATE EX REL. Hillary WARRINGTON, Petitioner,

V.

CIRCUIT COURT FOR SHAWANO COUNTY the Honorable Michael G. Eberlein, Circuit Court Judge, presiding, and Paul M. Cornett, district attorney, Respondents.

Supreme Court

*No. 80–1167–W.  Argued February 9, 1981.—Decided March 31, 1981.*

(Also reported in 303 N.W.2d 590.)

For the petitioner there was a brief and oral argument by *Daniel W. Linehan* of Madison.

For the respondents the cause was argued by *Theodore L. Priebe,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

HEFFERNAN, J. This review presents the question whether a judge who is assigned to hear a case at the close of preliminary hearing is, under sec. 971.20(1), Stats., "the judge assigned to the trial of that case," who may be substituted by request of the defendant at any time before arraignment or before motions made before that judge, or whether the judge assigned after the preliminary is a "new judge" in contradistinction to the preliminary judge. If that judge is a "new judge," a request for substitution under sec. 971.20(1) must ordinarily be made within ten days of notice of the assignment of the new judge.

We conclude that, under the statutes, the judge assigned at the close of the preliminary hearing was "the judge assigned to the trial of that case." Accordingly, the portions of the statute relating to requests for substitution of a "new judge" are inapplicable. Petitioner Warrington's request for substitution was timely, and under the statutes he had the right to have a judge substituted for Judge Michael Eberlein, who was originally assigned. The trial judge erred in denying the substitution. The court of appeals' order of July 14, 1980, which denied Warrington's petition for a supervisory writ to prohibit trial before Judge Eberlein, the judge assigned,

must be reversed and the writ of prohibition is directed to be issued.

The defendant Warrington was charged with homicide by the negligent operation of a motor vehicle in violation of sec. 940.09, Stats. Prior to the preliminary examination, the defendant made motions for discovery and to dismiss. The record before us fails to show any disposition of these motions.

After a preliminary examination on April 3, 1980, held before Circuit Judge Thomas Grover, Warrington was bound over for trial in branch 1 of the circuit court for Shawano county, before Judge Michael Eberlein, Circuit Judge. The assignment to Judge Eberlein was announced at the close of the preliminary examination. At the preliminary examination defense counsel declined to accept the preliminary judge as the trial judge. This he has a right to do without prejudice to substitution rights conferred by statute. Sec. 971.20 (7).

The defendant thereafter attempted to have another judge substituted for Judge Eberlein. On June 13, 1980, he filed a request for substitution under sec. 801.58, Stats., the civil substitution statute.

This request was rejected. Although Judge Eberlein pointed out that the section to be used in criminal proceedings was sec. 971.20, Stats., he stated that, had the proper statute been invoked, the request would still be untimely because, under sec. 971.20, substitution must be requested within ten days of Judge Grover's announcement on April 3, 1980, of Judge Eberlein's assignment.

The defendant on June 23, 1980, requested a substitution, relying on the correct statute, sec. 971.20, Stats. This request was denied by Judge Eberlein; and on July 3, 1980, the defendant filed with the court of appeals an application for a supervisory writ to prohibit Judge Eberlein from proceeding with the trial of the case. The

application for the writ was denied by the court of appeals on July 14, 1980, on the grounds that "both the defendant and his attorney had adequate notice of assignment of Judge Eberlein on April 3, 1980. Sec. 971.20(1), Stats." It did not expand upon the rationale for its decision. Apparently it accepted the state's argument that the ten-day limitation applied. Upon petition of the defendant, this court granted review of the court of appeals' decision.

The statute on which the parties and the court of appeals rely is sec. 971.20, Stats. In relevant parts it provides:

"971.20 **Substitution of judge.** (1) The defendant or the defendant's attorney may file with the clerk a written request for a substitution of a new judge for the judge assigned to the trial of that case. The request shall be signed by the defendant or the defendant's attorney personally and shall be made before making any motion or before arraignment. If a new judge is assigned to the trial of a case, a request for substitution must be made within 10 days of receipt of notice of assignment, provided that if the notice of assignment is received less than 10 days prior to trial, the request for substitution must be made within 24 hours of receipt of the notice and provided that if notification is received less than 24 hours prior to trial, the action shall proceed to trial only upon stipulation of the parties that the assigned judge may preside at the trial of the action.

"(2) Upon the filing of the request in proper form and within the proper time the judge named in the request has no authority to act further in the case except to conduct the initial appearance, accept pleas of not guilty, and set bail. Except as provided in subs. (7) and (8), no more than one judge may be substituted in any action.

"(3) In addition to the procedure under sub. (1), a request for the substitution of a judge may also be made by the defendant at the preliminary examination except that the request must be filed at the initial appearance or at least 5 days before the preliminary examination unless the court otherwise permits.

"(4) When a judge is substituted under this section, the clerk of circuit court shall request assignment of another judge under s. 751.03.

"(5) . . .

"(6) . . .

"(7) If the judge who heard the preliminary examination is the same judge who is assigned to the trial of that case, the defendant or the defendant's attorney may file a request under sub. (1) within 7 days after the preliminary examination or at the time of the arraignment, whichever occurs first, and still retain the right for one additional request under sub. (1)."

The portion of the statute controlling this case is the first and second sentences of sec. 971.20(1), Stats.:

"The defendant or the defendant's attorney may file with the clerk a written request for a substitution of a new judge for the judge assigned to the trial of that case. The request . . . shall be made before making any motion or before arraignment."

It is clear that, in the context of this case, Judge Eberlein was the judge assigned to the trial of the case. The notice that he was so assigned was given to the defendant and his counsel at the preliminary examination. He was not a "new judge," because a new judge is one who substitutes for the judge assigned.

The second sentence of sec. 971.20(1), Stats., establishes the time by which a defendant shall request a new judge in place of the judge assigned. This can be done at any time before making any motion or before arraignment.

The arraignment, in the usual course of criminal proceedings, would be before the judge assigned, and any motions would be addressed to the assigned judge. The second sentence of sec. 971.20(1), Stats., is concerned with conduct of a defendant that would be inconsistent with a later request for a substitution for the assigned judge.

Basically, for a defendant to secure a substitution, it must be apparent that he has not acceded to the trial jurisdiction of the assigned judge by consenting to arraignment or by asking that judge for relief by submitting motions. If the defendant has done neither of these acts, he may ask that there be a substitute for the original judge.

■

Whatever motions may have been made to the preliminary hearing judge are irrelevant to whether or not a defendant has waived his objection (his right to request a substitution) to the judge assigned for trial.

The statute on its face, without resort to construction or legislative history, provides that in the instant case Warrington had the right under the statutes to request a substitution for Judge Eberlein at any time prior to being arraigned before Judge Eberlein or before seeking relief from Judge Eberlein by the making of a motion. The controlling portions of the statute could not be clearer.

Although we find the meaning of sec. 971.20, Stats., plain on its face, we go further in our explanation, because the record in this proceeding demonstrates that the trial judge, the court of appeals, and the office of the attorney general do not accept what to us appears to be the plain dictates of the statutory language. There are perhaps ambiguities in the statute that are not apparent to this court.

We start first with the argument of the attorney general that the filing of a motion before the preliminary hearing judge will bar a defendant from any subsequent request for substitution of the assigned trial judge. This is clearly wrong, because sec. 971.31(5)(c), Stats., provides that motions objecting to the insufficiency of the complaint shall be made prior to the preliminary examination or they shall be deemed waived. Thus some motions at least must be made prior to the preliminary and to the preliminary judge. It is absurd to conclude that

the defendant confronts the "Hobson's Choice" of either acquiescing in an arguably insufficient complaint or of foregoing the right under sec. 971.20 to later request a substitution of judge, because he has moved the preliminary hearing judge for relief that can only be granted at that stage of the criminal process. This would force a particularly unreasonable choice when the defendant, prior to the preliminary examination, would be unlikely to know to whom his case would eventually be assigned for trial.

Moreover, motions to suppress evidence, motions under sec. 971.23 to 971.25, Stats., and objections to the admissibility of defendant's statements cannot be made at the preliminary examination or before the filing of an information. Sec. 971.31 (5) (b). Hence, for the most part, motions made to the preliminary hearing judge are unauthorized and of no effect. Certainly, it cannot be said that the making of a motion that could not be granted would have the effect of waiving the right to have a substituted judge at a later stage of the proceedings. Thus, it is clear that in this case the defendant's motions to the preliminary hearing judge—the motion to dismiss the complaint and the motion for discovery—were respectively appropriate and a nullity. Both motions were irrelevant to any subsequent request for the substitution of a judge after the preliminary hearing when Judge Eberlein was assigned.

The fallaciousness of the argument that motions before the preliminary hearing judge in some way affect the right to a subsequent substitution of a trial judge is compounded because sec. 971.20 (3), Stats., provides that a defendant may request a substitution of the judge scheduled to preside at the preliminary hearing, without losing his *additional* right to request a substitution for the assigned trial judge under sec. 971.20 (1). This statutory scheme makes it apparent that proceedings before

the preliminary hearing judge are distinct and apart from any proceedings that may thereafter be conducted before an assigned trial judge. The making of a motion before a preliminary hearing judge cannot impair the right to thereafter ask that there be a substitute for the judge eventually assigned for trial. Although a defendant may request the substitution of an assigned trial judge but once, he may in addition request a substitute preliminary judge. The two proceedings—preliminary examination and the proceedings after the bindover—are viewed separately by the statutory scheme. Motions made to the preliminary hearing judge do not have the effect of waiving the right to request substitution of the assigned trial judge. Only motions addressed to the assigned trial judge or arraignment by that judge have that effect.

Moreover, if the preliminary hearing judge is assigned to the trial of the case, a defendant may request that there be a substitution of that assigned judge (if the request is made within seven days after the preliminary or before arraignment, whichever comes first) and "still retain the right for one *additional* request under sub. (1)." (Emphasis supplied.) Sec. 971.20(7), Stats.

The trial judge, the court of appeals, and the attorney general assume, for reasons we do not understand, that Judge Eberlein was not the assigned judge but a new judge, as that term is used in sec. 971.20(1), Stats.

The third sentence of sub. (1) provides:

"If a new judge is assigned to the trial of a case, a request for substitution must be made within 10 days of receipt of notice of assignment . . . ."

Because Judge Eberlein's refusal to honor Warrington's request was based upon the failure to make it within ten days of the announcement of his assignment, it must be assumed that he considered himself to be "a new judge . . . assigned to the trial of [the] case." He was not. He was the judge originally assigned to the case. Only

a judge assigned subsequently could be a "new judge" assigned to the case. The first sentence of sub. (1) makes this clear. What Warrington wanted was a new judge to replace Judge Eberlein.

The meaning of this language is clarified, if need there be for clarification, by reference to earlier versions of sec. 971.20, Stats. We turn to the statute's legislative history, not out of any perceived necessity to resolve ambiguity—for we think the meaning clear enough on its face—but to satisfy ourselves that we have not overlooked any reason for the view of the statute adopted by the attorney general and the courts herein involved.[1]

Prior to 1975, sec. 971.20(1), Stats., contained language which demonstrated that a new judge was one assigned to the trial of a case in place of the original judge assigned to the trial. The 1973 statutes provided:

"971.20 **Substitution of judge.** (1) The defendant may file with the clerk a written request for a substitution of a new judge for the judge assigned to the trial of that case. Such request shall be signed by the defendant personally and shall be made before making any motion or before arraignment."

To this language ch. 149, Laws of 1975, added:

". . . except that whenever a new judge is assigned to a case in place of the original judge, other than under this section, then a request for a substitution of judges may be made at any time before making any motion be-

---

[1] Resort to legislative history or other extrinsic aids to determine legislative intent is normally undertaken only where the threshold requirement of facial ambiguity—the susceptibility of a statute to two or more different meanings to reasonably well-informed individuals (*Wirth v. Ehly*, 93 Wis.2d 433, 441, 287 N.W. 2d 140 (1980); *Kearney & Trecker Corp. v. Dept. of Revenue*, 91 Wis.2d 746, 753-54, 284 N.W.2d 61 (1979))—is satisfied. *See, State v. Tollefson*, 85 Wis.2d 162, 167, 270 N.W.2d 201 (1978); *State v. Ryback*, 64 Wis.2d 574, 577, 219 N.W.2d 263 (1974); *Evangelical Alliance Mission v. Village of Williams Bay*, 54 Wis. 2d 187, 189, 194 N.W.2d 646 (1972).

fore such new judge or before commencement of any proceeding before such new judge."

The pre-1975 version of the statute and the 1975 amendments to it reveal that a "new judge," as used in the statute, is one other than the one originally assigned. The meaning of the 1975 amendment is also clear. It refers to a situation where "a new judge is assigned to a case in place of the original judge, other than under this section." This permits a request for a substitution where a judge initially assigned to a case is replaced by another, a "new judge," for administrative reasons at the initiative of the judiciary, rather than by a request for substitution by the defendant "under this section." These circumstances, contemplated by the 1975 revision, do not exist in this case, because the first judge assigned, Judge Eberlein, remained the assigned judge.

The legislative history, as embodied in the 1973 and 1975 versions of the statute, make it clear that the "new judge" language does not refer to the judge originally assigned. The Legislative Reference Bureau analysis of the 1975 amendment, as embodied originally in Assembly Bill 94 and as subsequently enacted, states:

"Currently, a request for substitution of judge must be made before the defendant makes a motion or before arraignment. This bill provides that when a new judge is assigned to a case other than by request of the defendant, the defendant may request a substitution for this new judge even though the original time for making such a request has passed. This request must still be made, however, before the new judge in the case hears the defendant's motion or presides at any proceeding."

This intent embodied in the 1975 language was substantially preserved in the 1977 amendment to sec. 971.20 (1), Stats., made by ch. 449, sec. 486, Laws of 1977. The records of the Legislative Reference Bureau show that the language added by the 1975 amendments was deleted

in 1977 and new language added to clarify the time limitation but without an intent to make a substantive change. The new language provides:

"If a new judge is assigned to the trial of a case, a request for substitution must be made within 10 days of receipt of notice of assignment, provided that if the notice of assignment is received less than 10 days prior to trial, the request for substitution must be made within 24 hours of receipt of the notice and provided that if notification is received less than 24 hours prior to trial, the action shall proceed to trial only upon stipulation of the parties that the assigned judge may preside at the trial of the action."

The records of the Legislative Reference Library show that the 1977 modifications were prompted by a letter from the Judicial Council dated May 22, 1978, pointing out to the legislature that sec. 971.20(1), as amended by the 1975 legislature, was defective "as there is no current requirement that [sets time limits for] a request for substitution of judge in those cases in which a new judge is assigned rather close to the commencement of a trial . . . ." The Judicial Council then went on to request the time-limitation language, which was incorporated into the statutes by the session laws of 1977. This Judicial Council letter makes it clear, even if the express language of the statute did not—and we conclude it does —that the ten-day limitation was intended only to apply to a new judge assigned for the trial of the case and not to the judge originally assigned. Only the mechanism of establishing time limits was established by the 1977 session laws. Those limits are incorporated in the present version of the statute. There was no intent on the part of the legislature that the term, "new judge," used in sec. 971.20(1), as amended in 1977, was to mean anything different than that term meant before the statute was amended. It is clear from the plain meaning of the pre-1975 statute and the 1975 statute itself that a "new

judge" was one assigned to the trial of the case in place of the judge originally assigned. Thus, the ten-day time limitation upon which Judge Eberlein and the attorney general rely—and upon which the court of appeals apparently relied—is completely irrelevant to the instant situation, where the only judge assigned is Judge Eberlein, the original judge.

The only time limits applicable to the present case, then, are those that require the substitution request be made "before making any motion or before arraignment." Because these time limits were complied with, Judge Eberlein, with the exception of those administrative duties set forth in sec. 971.20(2), had no authority to act further in the case. It then became incumbent upon the clerk of court to request the assignment of another judge pursuant to secs. 971.20(4) and 751.03. It follows, therefore, in view of the failure of Judge Eberlein to honor the timely request for substitution, that the application for a supervisory writ to be issued out of the court of appeals was appropriate and should have been granted. The trial court had a plain duty to honor the request for substitution, and the court of appeals had the responsibility of enforcing that duty by supervisory writ under Art. VII, sec. 5, sub. (3), Wis. Const., and secs. 752.01 and 752.02, Stats.[2]

---

[2] Martineau and Malmgren, *Wisconsin Appellate Practice* (1978), capsulize the tests for the issuance of a supervisory writ:

"These tests are that (1) an appeal is an inadequate remedy; (2) grave hardship or irreparable harm will result; (3) the duty of the lower court or body must be plain and it must have acted or intends to act in violation of that duty; and (4) the request for relief must be made promptly and speedily." (P. 202)

All of these tests are met by the facts of this case. We point out, however, that the order, if properly entered, could be presented to the court of appeals as an appeal "by permission." Sec. 808.03(2), Stats.

*By the Court.*—Decision reversed and proceeding remanded to the court of appeals with directions to issue the writ of prohibition.

BEILFUSS, C.J., took no part.

CALLOW, J. (*concurring*). I concur in the majority opinion because, given the present substitution statutes, it reaches the only result possible. However, I am compelled to express my serious reservations about the utility of Wisconsin's liberal substitution rule, particularly as it concerns the criminal process.

We have made great strides in streamlining the criminal process to secure the speedy disposition of criminal cases. Unfortunately, the flood of substitutions secured "of right" often frustrates the goal of prompt disposition without adding materially to the basic fairness of the procedure. It is fundamental that criminal defendants are entitled to an impartial trial judge as a part of their right to a fair trial. There will always be instances where a defendant has reason to believe a fair trial cannot be obtained before a particular judge, and in those instances substitutions for cause, based upon articulable reasons, should be permitted. But the wholesale substitution now possible without any showing whatsoever on the part of the defendant only opens the door to dilatory tactics, judge shopping and their inevitable consequence, excessive delay in the criminal justice system. Indeed the current practice may well constitute more of an expression of the personal preferences of counsel than of the legitimate interests of their clients.

Prior to the enactment of our current substitution statutes, a party could secure the substitution of a judge only upon a showing of some cause or reason to believe the judge would not be impartial. See: Secs 956.03, 261.08, Stats. 1967. This is also the procedure currently

followed in the federal courts. *See:* 28 U.S.C. Sec. 144 (1976). While it may be true that even the affidavit of prejudice is susceptible to abuse, particularly if treated as pro forma by the courts, nonetheless it offers a mechanism to stem the tide of tactical substitutions attempted for purposes other than securing a fair trial yet still to give effect to truly meritorious challenges. Moreover, parties always have the right to appeal on the ground of trial court prejudice.

The legislature has before it several bills dealing with this subject. One, AB 218, eliminates altogether substitution as of right, and another, SB 163, limits substitution to one per case. Without expressing a preference for either of these bills, I strongly urge legislative action in this area. Litigants' interests in a fair trial can be protected by less time-consuming and costly means, and we cannot and should not countenance a procedure which can stall the court system on the whim of defense counsel or the hope of a better deal before another judge. If the right to substitute a judge is linked to some demonstrable manifestation of judicial prejudice, parties with legitimate reasons to seek substitution will have a remedy, and the public's interest in the efficient administration of justice will not be sacrificed.

I am hereby authorized to state that Justice JOHN L. COFFEY joins in this concurring opinion.