ED JACKAMONIS, Speaker State Assembly
The Committee on Assembly Organization has asked for my opinion concerning the division of authority between the Milwaukee Board of Fire and Police Commissioners (board) and the chiefs of the police and fire departments. Section 62.50 (1m), Stats., provides:
 The board shall conduct at least once each year a policy review of all aspects of the operations of the police and fire departments of the city. The board shall consider but not limit its review to procedures relating to discipline, promotion, work rules and any other procedure relating to the conduct of employes of the police and fire department.
Section 62.50 (23), Stats., provides in pertinent part:
 The chief shall be responsible for the efficiency and general good conduct of the department under his or her control. The chief of each department shall prescribe rules for the government of the members of the department. Any rule prescribed by a chief shall be subject to review and suspension by the board. The board may prescribe a rule to replace any rule the board suspends. A chief may not suspend any rule prescribed by the board. The board may prescribe a procedure for the prescription of rules by a chief or by the board and for the review and suspension of rules by the board. Such procedure may include, without limitation because of enumeration, a provision that a rule not take effect until the rule is reviewed and approved by the board.
Section 62.50 (1m), Stats., does not specifically grant the board rule-making authority. That subsection only requires the board to *Page 61 
conduct an annual review of all aspects of the operation of the police and fire departments.
Section 62.50 (23), Stats., is more specific. To the extent that statute is unambiguous, we must determine the intention of the Legislature by giving the language its ordinary and accepted meaning. Milwaukee v. Lindner, 98 Wis.2d 624, 632,297 N.W.2d 828, 832 (1980). Section 62.50 (23), Stats., unambiguously provides:
 1. The chief must prescribe rules for the government of the members of the department.
 2. The board may review and suspend any rule prescribed by the chief.
 3. The board can enact a rule to replace any rule which has been suspended.
 4. The chief cannot suspend any rule enacted by the board.
 5. The board may establish a procedure which must be followed by the chief or by the board in enacting rules.
 6. The board may establish procedures for reviewing and suspending its own rules. This procedure can include a provision that a rule not take effect until it is reviewed and approved by the board.
Although sec. 62.50 (23), Stats., clearly authorizes the chief to promulgate rules and clearly authorizes the board to suspend those rules and substitute its own rules, it does not expressly give the board the authority to initiate its own rules.
 [A]n administrative agency has only those powers which are expressly conferred or which are fairly implied from the four corners of the statute under which it operates. . . . [A]ny reasonable doubt of the existence of an implied power of an administrative agency should be resolved against the exercise of such authority.
State (Dept. of Admin.) v. ILHR Dept., 77 Wis.2d 126, 136,252 N.W.2d 353 (1977). Because there is at least a reasonable doubt whether the statute gives the board original rule-making authority, I must conclude that it does not confer such authority.
This conclusion is reinforced by the fact that sec. 62.50 (3), Stats., explicitly grants the board authority to adopt rules governing the *Page 62 
selection and appointment of members of the police and fire department. The Legislature's express provision of original rule-making authority in sec. 62.50 (3), Stats., and its failure to provide that authority in sec. 62.50 (23), Stats., is a significant indication that a different intention existed.Strigenz v. Dentistry Examining Board, 99 Wis.2d 445, 447,299 N.W.2d 589 (ct App. 1980).
Although it is not necessary to examine the legislative history of sec. 62.50 (23), Stats., to resolve any ambiguity, that legislative history supports the conclusion that sec. 62.50 (23), Stats., does not grant the board original rule-making authority.State ex rel. Warrington v. Shawano Cty. Cir. Ct.,100 Wis.2d 726, 734, 303 N.W.2d 590, 594 (1981). The records of the Legislative Reference Bureau reveal that the sentence quoted above was added to sec. 62.50 (23), Stats., by ch. 307, sec. 1, Laws of 1979. That section of the Laws of 1979 was created by a substitute amendment to 1979 Senate Bill 252.
The original version of 1979 SB 252 provided: "The board may prescribe its own rules regulating the police and fire departments." It also specifically provided that the chief would propose rules which would be subject to review and suspension by the board. Consideration of original 1979 SB 252 was indefinitely postponed and the substitute amendment which resulted in ch. 307, sec. 1, Laws of 1979 was passed. The Legislature contemplated giving the board original rule-making authority but decided not to do so.
Section 62.50 (23), Stats., therefore, requires the chief to initiate rules subject to procedures established by the board. The board, however, can suspend any rule and replace the chiefs rule with its own. Although a "rule" is not defined in the statute, our supreme court has said that the phrase "prescribe rules for the government of" the members of the department includes "all those disciplinary regulations which experience has shown to be valuable and to promote obedience and efficiency."Kasik v. Janssen, 158 Wis. 606, 610, 149 N.W. 398 (1914). "Rule" generally means "a regulation, standard, statement of policy . . . of general application . . . issued by an agency to implement, interpret or make specific legislation enforced or administered by such agency or to govern the organization or procedure of such agency." Sec. 227.01 (9), Stats.
The rules of the department, therefore, state the policy of the department. For the purposes of secs. 62.50 (1m) and 62.50 (23), *Page 63 
Stats., the two are indistinguishable. The board can prescribe the policy of the departments because it can alter the rules promulgated by the chiefs. The board is the final arbiter of departmental policy. Of course, any rule adopted by the board must be consistent with all relevant statutes, ordinances and valid collective bargaining agreements.
A list of specific questions concerning the interrelationship of the board and the chiefs accompanied your opinion request. To the extent those questions require detailed analysis of specific rules and procedures they are more appropriately answered by the city's corporation counsel.
BCL:AML