193 Wis.2d 208 (1995)
532 N.W.2d 720
STATE of Wisconsin EX REL. Taff C. MACE, Petitioner,
v.
CIRCUIT COURT FOR GREEN LAKE COUNTY and the Honorable William M. McMonigal, Respondents.
STATE of Wisconsin, Plaintiff-Respondent,
v.
Taff C. MACE, Defendant-Petitioner.
Nos. 94-0766-W, 94-0767-CR-LV.
Supreme Court of Wisconsin.
Oral argument April 6, 1995.
Decided June 7, 1995.
*211 For the petitioner there were briefs and oral argument by Kenneth P. Casey, assistant state public defender.
For the respondent the cause was argued by James H. McDermott, assistant attorney general, with whom on the briefs was James E. Doyle, attorney general.
SHIRLEY S. ABRAHAMSON, J.
The court of appeals certified to this court Taff C. Mace's petition for a supervisory writ of prohibition. Mace filed both a petition for leave to appeal an order denying substitution and a petition for a writ of prohibition, challenging the Green Lake county circuit court's refusal to honor his request for substitution of William M. McMonigal, circuit court judge, Green Lake county, as the trial judge.
The court of appeals would have dismissed the petition for leave to appeal and certified the petition for a supervisory writ of prohibition to this court.[1] Section (rule) 809.61, Stats. 1991-92. The court of appeals also granted Mace's request for a stay of further trial court proceedings before Judge McMonigal because it concluded *212 that Mace's challenge to the refusal to order substitution may be meritorious.
The question of law before this court is whether sec. 971.20(4) allows Mace, after bindover and before arraignment, to request substitution of Judge McMonigal as the trial judge when, after his initial appearance, Mace had petitioned Judge McMonigal for reduction of bail.[2] We conclude that Mace's request for substitution was timely made under sec. 971.20(4), Stats. 1991-92. Accordingly we grant the writ of prohibition and remand the cause to the circuit court for Green Lake county for further proceedings consistent with this opinion.

I.
The facts relevant to the issue of substitution are undisputed. On May 21, 1992, Taff Chandler Mace was charged in Green Lake county with a felony count of failure to pay child support in violation of sec. 948.22(2), Stats. 1991-92. On November 30, 1992, Mace made an initial appearance before Judge William M. McMonigal, the sole circuit judge for Green Lake county. Bail was set at $1,000.00 cash. Counsel was appointed for Mace the next day. About three weeks later, Mace filed a petition to reduce the bail; the parties stipulated to reduce bail to $300, and Judge McMonigal, without a hearing, entered an order on December 21, 1992, pursuant to that stipulation.
The preliminary examination was scheduled over a year later. On January 5, 1994, Mace waived the preliminary examination and was bound over for trial. *213 That same day, the parties were sent written notice that the case was scheduled for arraignment before Judge McMonigal on January 24, 1994.
On January 20, 1994, prior to the scheduled arraignment, Mace filed a motion for substitution of the trial judge, Judge McMonigal, pursuant to sec. 971.20(4), Stats. 1991-92, which governs substitution of the originally assigned trial judge. Section 971.20(4) provides that a written request for substitution of the trial judge may be filed before the defendant makes any motions to the trial court and before arraignment. Section 971.20(4) reads as follows:
971.20. Substitution of judge. . ..(4) SUBSTITUTION OF TRIAL JUDGE ORIGINALLY ASSIGNED. A written request for the substitution of a different judge for the judge originally assigned to the trial of the action may be filed with the clerk before making any motions to the trial court and before arrangement.
Judge William M. McMonigal denied Mace's request for substitution of the trial judge as untimely concluding that Mace's petition for bail reduction was a motion to the trial court. Acting under the authority of sec. 971.20(8), Stats. 1991-92, Dennis Conway, Chief Judge of the Sixth Judicial District, affirmed Judge McMonigal's decision in a written opinion filed on March 14, 1994. Judge Conway concluded that Mace knew or should have known that Green Lake is a single-judge county and that this criminal case would be before Judge McMonigal from beginning to end. Furthermore, Judge Conway treated the petition for modification of bail as a motion to the trial court under sec. 971.20(4). Judge Conway concluded that under the statute, Mace was required to request substitution of the trial judge before filing any petition for modification *214 of bail with the very judge who was scheduled to hear the preliminary matters and to try the case.
Mace filed a writ of prohibition in the court of appeals, seeking to prevent Judge McMonigal from sitting as the trial judge. The court of appeals certified the case to this court.

II.
Mace argues that his request for substitution of the trial judge was timely under sec. 971.20(4), Stats. 1991-92. He asserts that his petition for modification of bail was not a motion to a trial court,[3] because Judge McMonigal did not become the "judge originally assigned to the trial of the action" within the meaning of sec. 971.20(4) until Mace was bound over for trial. Mace reasons that, for purposes of determining whether any motions were made to the trial court under sec. 971.20(4), a "trial court" exists only after a defendant is bound over at a preliminary examination and after the case has been assigned to a "trial judge." In other words, Mace contends that his petition to Judge McMonigal for bail modification was not made to Judge McMonigal in his capacity as the "trial judge originally assigned" to the case. Consequently, Mace asserts that his request for substitution was timely filed.
In effect, Mace relies on the symbolism that a judge may "wear different hats" during the various *215 stages of a criminal action. According to this reasoning, even though Judge McMonigal agreed to the bail reduction stipulation, Judge McMonigal was not "wearing the hat of the trial judge" at that moment. Judge McMonigal "wore the hat of trial judge" only after the bindover and assignment to the trial.
The state disagrees, contending that Judge McMonigal was always the trial judge. It asserts that "when a felony is commenced in a county of only one circuit, such as Green Lake County, by operation of law ..., Judge McMonigal becomes, instanter, `the judge originally assigned to the trial of the action,' and the Circuit Court for Green Lake County becomes, instanter, the `trial court.'" State's brief at 6. The essence of this argument is that a single-judge county does not need a bindover to confer trial court status upon it in a criminal action; rather, it achieves such status the moment the action is commenced. The state would thus interpret sec. 971.20(4) differently for single-judge and multiple-judge counties.
We agree with Mace. We conclude that he did not make a motion to the trial court and that his request for substitution filed before arraignment was timely. Our conclusion conforms with the express language of sec. 971.20, case law and the legislative policy embodied in sec. 971.20.
Section 971.20 provides that a defendant in a criminal action has "a right to only one substitution of a judge."[4] The provisions of section 971.20 relevant to this case contemplate the exercise of this right at one of *216 two proceedings: the preliminary examination[5] or the trial. A defendant may file a request for substitution pursuant to either sec. 971.20(3), governing "Substitution of Judge Assigned to Preliminary Examination," or sec. 971.20(4), governing "Substitution of Trial Judge Originally Assigned."[6] Thus, for example, a *217 defendant who requests substitution under sec. 971.20(3) of a judge assigned to the preliminary examination thereby exhausts the right to substitution for the duration of the action.[7]
For purposes of sec. 971.20, a criminal action consists of two separate and distinct phases, with the bindover at a preliminary examination marking the end of one phase and the beginning of the other. The statutes instruct that a defendant shall not stand trial for a felony until probable cause has been found at the preliminary examination and the defendant is bound over for trial, or until after the defendant waives the preliminary examination. Section 970.03, Stats. 1991-92.
*218 [1]
This statutory distinction between the preliminary examination and the trial makes it clear that the term "trial court," in the context of sec. 971.20(4), relates to the timing of the request, and not to the identity of the judge assigned to preside at the trial.[8] There is no trial court until after a bindover. Thus, when Judge McMonigal ordered a reduction of bail on stipulation of the parties, he was not acting in his capacity as a trial judge in the action; Mace had not yet been bound over for trial.
[2]
Section 971.20(4) by its express language governs all circuit courts in all counties. Section 971.20(4) does not give "trial court" one meaning for single-judge counties and another for multiple-judge counties; the statute grants each criminal defendant the same right to only one substitution of a judge during the course of an action.
[3]
After the bindover, when Judge McMonigal presided over the trial court hearing the matter, Mace filed a request for substitution of the trial judge. Because Mace had made no other motions to the trial court and because he had filed his request for substitution before arraignment, we conclude that his request for substitution was timely filed under sec. 971.20(4).
Our interpretation of sec. 971.20(4) conforms to our previous reading of that statute in State ex rel. Dowe v. Waukesha County Cir. Ct., 184 Wis. 2d 724, 516 N.W.2d 714 (1994). The question in Dowe was whether a motion to dismiss or a writ of habeas corpus was the appropriate procedural vehicle for challenging *219 a bindover. Dowe, 184 Wis. 2d at 736. The Dowe court concluded that the motion to dismiss was the appropriate method, even in single-judge counties where the same judge may both grant the bindover and later decide the motion to dismiss. Dowe, 184 Wis. 2d at 734. As the court explained, a defendant who does not want the same judge who presided at the bindover to decide the motion to dismiss the bindover has "a right [under sec. 971.20(4)] to a judicial substitution if the defendant makes a request after the preliminary examination and before he or she is arraigned or makes any motion before the court." Dowe, 184 Wis. 2d at 735.[9]
*220 [4]
Our reading of sec. 971.20(4) also fosters the legislative policy embodied in that statute. That policy expresses the importance of allowing substitution of the judge presiding over the defendant's trial, the proceeding of a criminal action most directly affecting a defendant's liberty. Recognizing the significance of the right of substitution at the trial stage, the legislature nevertheless permitted substitution at the preliminary examination. If this court were to adopt the state's position, the defendant's right of substitution of the trial judge would be significantly curtailed. The state's interpretation of sec. 971.20(4) would not allow a defendant in a one-judge county to request substitution of a trial judge if the defendant had ever filed a motion with that judge at any point in the criminal action. According to the state, to avoid waiving the right of substitution of a trial judge, an incarcerated defendant in a single-judge county would be forced to wait until after bindover and after assignment of the trial court judge before petitioning to reduce bail, requesting a court-appointed attorney, or moving to dismiss an insufficient criminal complaint. We do not think the legislature intended to so impede a defendant's exercise of the right to substitute the trial judge in single-judge counties.
The state suggests that its interpretation does not thwart legislative policy by imposing a burden on defendants in single-judge counties because these defendants will know from the initiation of a criminal action whether they want to substitute the trial judge. We disagree with this analysis. Although it is highly probable that the judge of a single-judge county will preside over the trial, numerous circumstances might cause a different judge to be assigned. These circumstances *221 include calendar congestion as well as the judge's resignation, death, illness, vacation or defeat in a judicial election. Only after bindover and before arraignment can a defendant have reliable information about who the trial judge will be.
The court of appeals suggested another interpretation of sec. 971.20(4) consistent with legislative policy. It surmised that this court might engraft the legislative policy implicit in sec. 801.58(1), Stats. 1991-92, governing substitution in civil cases, to the facts of this case. Under sec. 801.58(1), a request for substitution shall be filed "preceding the hearing of any preliminary contested matters." This requirement fosters the principle that "a litigant who does not like the way a judge is handling a matter should not be able to substitute a second judge simply because the litigant believes things are going badly before the first judge and hopes to obtain a more favorable tribunal." State ex rel. Tarney v. McCormack, 99 Wis. 2d 220, 234, 298 N.W.2d 552 (1980).[10]
[5]
We conclude that sec. 971.20(4) does not use the same language as 801.58(1) and there is no reason for this court to read the "contested matters" language in sec. 801.58(1) into sec. 971.20(4). By requiring a defendant to request a substitution of the trial judge originally assigned to the trial before the defendant *222 makes any motions to the trial judge, the legislature has already embodied in sec. 971.20(4) the principle against "judge shopping" and "testing the waters" implicit in sec. 801.58(1).
[6]
For the reasons set forth, we hereby issue the writ of prohibition directing Judge McMonigal of Green Lake county circuit court to take no further action in this prosecution of Mace. We conclude that Mace's request for substitution of the trial judge should be granted. The cause is remanded for further proceedings consistent with this opinion.
By the Court.The writ of prohibition is granted and the cause remanded.
WILCOX, J. (concurring).
As the law is written today, I am bound to concur with the majority's holding that under sec. 971.20, STATS., Mace's request for substitution of Judge McMonigal was timely. See majority op. at 212. I write separately, however, because I am bothered by the fact that the application of sec. 971.20(4), STATS., readily lends itself as a delaying tool.
When enacting sec. 971.20, STATS., the legislature specifically forbade the use of the statute for delay. As explicitly stated in the 1981 Judicial Council Notes to sec. 971.20, STATS., "[t]he statute is not to be used for delay...."[1] Nonetheless, the statutory language of sec. 971.20, STATS., allows a defendant to wait until the last *223 possible moment before arraignment to request a substitution of the trial judge. Quite frankly, I see no need to delay filing the request once the defendant ascertains, or should have ascertained, the identity of the trial judge. When a defendant waits until immediately before the arraignment to make his or her substitution request, there is a greater likelihood that the request has become a tool to delay the judicial process.
The instant case illustrates this problem. Here, Mace knew for an entire year and a half that, absent an administrative substitution, Judge McMonigal would eventually try his caseJudge McMonigal is the only judge in Green Lake county. Despite this knowledge, Mace waited until only four days before arraignment to request a substitution of Judge McMonigal. And what of the victim who must wait throughout this delay for justice to be served? Here, Mace is charged with a felony count for failure to pay child support. Must victims also suffer the obvious consequences of needless delay?
I believe that a more restrictive time limit on the filing of a request for the substitution of the trial judge should be imposed. Creating a more restrictive substitution procedure would further control abuses of the statute, while increasing judicial efficiency. Prompt filing of a request for the substitution of the trial judge expedites the substitution process. This applies to all circuit courts but is particularly true in single-circuit court counties where substituting judges must be brought from outside the county, thereby increasing the delay before trial.
Lastly, I believe the result of today's holdingsthat under sec. 971.20(4), STATS., a judge is not a "trial judge" until after bindoverwill come as a surprise *224 to many judges sitting in single-circuit counties. It is an accepted fact in these counties that unless the judge is substituted, the judge is the "trial judge" from the outset. This is also the case in multi-district counties where the original assignment of the case is carried throughout the entire proceeding. In light of today's holding, it is readily apparent that trial courts in all counties should schedule arraignments expeditiously in order to avoid the needless delays caused by potential last minute requests for trial judge substitutions.
I am authorized to state that JUSTICE ROLAND B. DAY and JUSTICE DONALD W. STEINMETZ join in this concurring opinion.
NOTES
[1] Relying on State ex rel. Tessmer v. Circuit Court, 123 Wis. 2d 439, 441, 367 N.W.2d 235 (Ct. App. 1985), the court of appeals concluded that a petition for a supervisory writ of prohibition is the preferable route for review of a trial court's ruling on the form and timeliness of a request for substitution of a judge. See also State ex rel. Warrington v. Shawano County Circuit Court, 100 Wis. 2d 726, 737 n.2, 303 N.W.2d 590 (1981) (review of the form and timeliness of a substitution request can also be presented to the court of appeals as an appeal "by permission" under sec. 808.03(2)); Clark v. State, 92 Wis. 2d 617, 631 n.12, 286 N.W.2d 344 (1979); State ex rel. Akivickas v. County Court of Marathon County, 77 Wis. 2d 297, 298, 252 N.W.2d 386 (1977).
[2] We consider this question of law de novo, benefitting from the circuit court's analysis and decision and the court of appeals' certification memorandum.
[3] Section 969.08(1), Stats. 1991-92, refers to a "petition" rather than a "motion" to increase or decrease the amount of bail. At oral argument Mace's counsel suggested that a petition is different from a motion for purposes of sec. 971.20(4). We need not decide this issue. We conclude, as we explain later, that the bail modification petition was not made to the "trial court" as that phrase is used in sec. 971.20(4).
[4] The only exception to the one substitution rule expressly stated in sec. 971.20(2) is that a defendant may request substitution of a judge following appeal and remittitur, even if the defendant had previously requested substitution. Section 971.20(2) and (7).
[5] A preliminary examination is heard before a court. Sec. 970.03, Stats. 1991-92.

The person who has been arrested makes an initial appearance before a judge who, among other tasks, admits the defendant to bail. Sections 970.01 and 970.02, Stats. 1991-92.
[6] Sec. 971.20(1)-(7), Stats. 1991-92, reads as follows:

971.20 Substitution of judge. (1) Definition. In this section, "action" means all proceedings before a court from the filing of a complaint to final disposition at the trial level.
(2) ONE SUBSTITUTION. In any criminal action, the defendant has a right to only one substitution of a judge, except under sub. (7). The right of substitution shall be exercised as provided in this section.
(3) SUBSTITUTION OF JUDGE ASSIGNED TO PRELIMINARY EXAMINATION. (a) In this subsection, "judge" includes a court commissioner who is assigned to conduct the preliminary examination.
(b) A written request for the substitution of a different judge for the judge assigned to preside at the preliminary examination may be filed with the clerk, or with the court at the initial appearance. If filed with the clerk, the request must be filed at least 5 days before the preliminary examination unless the court otherwise permits. Substitution of a judge assigned to a preliminary examination under this subsection exhausts the right to substitution for the duration of the action, except under sub. (7).
(4) SUBSTITUTION OF TRIAL JUDGE ORIGINALLY ASSIGNED. A written request for the substitution of a different judge for the judge originally assigned to the trial of the action may be filed with the clerk before making any motions to the trial court and before arraignment.
(5) SUBSTITUTION OF TRIAL JUDGE SUBSEQUENTLY ASSIGNED. If a new judge is assigned to the trial of an action and the defendant has not exercised the right to substitute an assigned judge, a written request for the substitution of the new judge may be filed with the clerk within 15 days of the clerk's giving actual notice or sending notice of the assignment to the defendant or the defendant's attorney. If the notification occurs within 20 days of the date set for trial, the request shall be filed within 48 hours of the clerk's giving actual notice or sending notice of the assignment. If the notification occurs within 48 hours of the trial or if there has been no notification, the defendant may make an oral or written request for substitution prior to the commencement of the proceedings.
(6) SUBSTITUTION OF JUDGE IN MULTIPLE DEFENDANT ACTIONS. In actions involving more than one defendant, the request for substitution shall be made jointly by all defendants. If severance has been granted and the right to substitute has not been exercised prior to the granting of severance, the defendant or defendants in each action may request a substitution under this section.
(7) SUBSTITUTION OF JUDGE FOLLOWING APPEAL. If an a appellate court orders a new trial or sentencing proceeding, a request under this section may be filed within 20 days after the filing of the remittitur by the appellate court, whether or not a request for substitution was made prior to the time the appeal was taken.
[7] Section 971.20(3)(b), Stats.
[8] This interpretation is confirmed in the 1981 Judicial Council Notes to sec. 971.20(4), at sec. 971.20, Stats. 1991-92.
[9] This reading of sec. 971.20(4) also comports with State ex rel. Warrington v. Circuit Court, 100 Wis. 2d 726, 303 N.W.2d 590 (1981). The preliminary examination and the proceedings after bindover were treated as separate and distinct proceedings under sec. 971.20. The court concluded in Warrington that failure to demand substitution at the preliminary hearing phase did not bar the defendant from a subsequent request for substitution of the assigned trial judge. Only motions addressed to the judge after bindover have the effect of waiving the right to substitution of the trial judge under sec. 971.20(4). Warrington, 100 Wis. 2d at 733.

Warrington involved a two-judge county, and different judges sat at the preliminary examination and at the trial. The preliminary examination was before Judge Grover, who bound the defendant over for trial. Judge Eberlein was assigned to the trial of the action, and the defendant made a request for substitution.
The court concluded that Judge Eberlein, not Judge Grover, was the judge originally assigned to the trial. So long as the defendant had not "acceded to the trial jurisdiction of the assigned judge by consenting to arraignment or by asking that judge for relief by submitting motions," he could demand a substitution for the original judge. Warrington, 100 Wis. 2d at 731.
[10] The court of appeals appears to suggest that Mace sought substitution after Judge McMonigal heard contested matters. Mace asserts that no contested matters were heard before the request for substitution; the bail reduction was stipulated, and the preliminary examination was waived. Because we do not read sec. 801.58(1) into sec. 971.20(4), we need not determine whether Judge McMonigal heard any contested matters before the bindover.
[1] The first paragraph of the 1981 Judicial Council Notes states:

Section 971.20 has been revised to clarify its objective of allowing defendants in criminal trials one substitution of the assigned judge upon making a timely request. The statute is not to be used for delay nor for "judge shopping," but is to ensure a fair and impartial trial for the defendants. The statute does not govern removal for cause of the assigned judge through an affidavit of prejudice.