## The People on the relation of Randolph Strickland v. Moses Bartow.

*Liquor law : Penalty : Civil action : Imprisonment of females : Statutes construed.*
The action of debt provided for by the prohibitory liquor law (*Comp. L. 1871,* § *2141*) is in the nature of a civil action, and not a criminal prosecution ; and the statute (*Comp. L. 1871,* § *6119*) prohibiting the imprisonment of females on "any process in any civil action" applies to a *capias* issued under that section, whether the act for which the penalty is given constitutes a misdemeanor and is punishable as such or not.

*Statutes construed : Repeal : Imprisonment of females : State policy.* The statute (*Comp. L. 1871,* § *6119*) prohibiting the imprisonment of females in a civil action is not repealed by section 10 of the prohibitory liquor law (*Comp. L. 1871,* § *2143*) ; this statute was intended to declare the settled policy of the state in this regard, and all later statutes giving the right generally to commence suits by *capias*, or to imprison a defendant, are to be construed in reference to this policy.

*Circuit court commissioner : Holding to bail : Imprisonment of females.* A circuit court commissioner, therefore, has no authority to make an order to hold a female to bail upon a *capias* issued under the penal section of the prohibitory liquor law (*Comp. L. 1871,* § *2141*).

*Heard April 8.  Decided April 15.*

Application for *mandamus.*

*R. Strickland,* in person, for the relator.

*M. Bartow,* in person, for the respondent.

CHRISTIANCY, CH. J.

This was an application for a *mandamus* to compel the respondent, a circuit court commissioner for the county of Clinton, to make an order to hold Ann E. Shireling to bail upon a *capias* issued against her from the circuit court for that county, at the suit of the people in an action of debt, to recover a penalty for selling intoxicating liquors in violation of section three of an act entitled, "An act to prevent the manufacture and sale of intoxicating liquors as a beverage" (*Comp. L. 1871,* § *2138*). The commissioner refused to make the order, on the ground that said Ann E. Shireling, being a female, could not be imprisoned on any process in a civil action; for which he relies upon

*section 45 of chapter 192, Compiled Laws of 1871*, entitled, "Judgments and Executions," which section is in these words: "No female shall be imprisoned on any process in any civil action." The relator, however, insists that this action, though it be an action of debt, and civil in form, yet, being for a penalty for an act which might be punished as a misdemeanor, under *section 6851, Compiled Laws of 1871*, if not under section three of this act, as amended in 1871; it is really and in substance a criminal prosecution.

We do not think it necessary to determine whether the act for which the penalty is given in the present case would constitute a misdemeanor, and might be prosecuted as such by indictment or information; since, admitting this to be so for the purposes of this case, we are still of the opinion that the action of debt provided for by section eight of the Liquor Law (*Comp. L. 1871*, § *2141*), is to be treated as a civil action and that it takes the character and incidents of a civil suit and not of a criminal prosecution. We think, therefore, the case comes within the prohibition of the statute above cited, which declares that "No female shall be imprisoned on any process in any civil action."

But, it is insisted that, if such be the case, still this statute must be regard as repealed by section 10 of the Liquor Law (*Comp. L. 1871*, § *2143*) above cited, which gives the right to commence a suit for the penalty, and provides for taking bail, without making any exception of female defendants.

But we do not think the legislature intended by this general provision, to repeal the statute in question, and to subject females to imprisonment in this or other civil action. This provision against the imprisonment of females on process in civil action is found in the *Revised Statutes of 1838, Part 3, Title 2, ch. 7*, § *44*, and was put in its present form in the *Revised Statutes of 1846, ch. 106*, § *45*. In both revisions it is found in the chapter entitled, "Judgments and Executions," and was intended, we think, to declare the settled policy of the state in this respect. And

all later acts giving the right generally to commence suits by *capias,* or to imprison a defendant, must be understood to have been enacted with reference to this policy, and, by implication, as intended to be subject to the exception or qualification declared by this statute, unless expressly or by necessary implication otherwise provided.

Such, we see no reason to doubt, was the intention of the legislature.    We think, therefore, the commissioner was right in refusing his order for bail in this case; and the application for a *mandamus* must be denied, with costs against the relator.

The other Justices concurred.