IN RE ELLIOTT. [Habeas corpus.]

*December 3, 1929—January 7, 1930.*

*Hall, Baker & Hall* of Madison, for the petitioner.

*Van R. Coppernoll,* district attorney of Richland county, and *J. E. Messerschmidt,* assistant attorney general, for the warden of the state prison.

FRITZ, J.  It appears from the petition and the record of the circuit court for Richland county, a copy of which is attached to the petition as part thereof, that after due and proper preliminary proceedings the petitioner was tried in that court upon an information charging that on February 15, 1926, in said county, the petitioner, then over eighteen years of age, "did feloniously, unlawfully, and carnally know and abuse a certain unmarried female named Alma Cook, who was then and there under eighteen years of age, to wit, sixteen years of age," in violation of sec. 340.47, Stats.  The jury found "the defendant guilty of assaulting Alma Cook with the intent to have sexual intercourse with her on the 15th day of February, 1926."  Then, on May 4, 1926, the court pronounced judgment sentencing the petitioner to the state prison at Waupun for an indeterminate term of not less than one year and not more than ten years, to begin that day.  Pursuant to that judgment the clerk of that court issued his "Certificate of Conviction and Sentence," stating that on May 4, 1926, the petitioner was—

"in due for of law, convicted of the crime of In Violation of section 340.47 of the Wisconsin Statutes, 1925, and, upon such conviction, the said Court did, on the 4th day of May, A. D. 1926, pass sentence upon the said Tom Elliott, as follows:

"Sentence and judgment of the Court you are to be sentenced to the State Prison, at Waupun, at hard labor for a period intermenment term of not less than one year and not more than Ten Years.

"Sentence to begin at twelve o'clock at noon to day, Dated May, 4th, 1926."

Upon the issuance of that certificate the petitioner was, on May 8, 1926, committed to, and ever since has been imprisoned in, the state prison at Waupun.

In the petition filed in this court it is further alleged and contended that the certificate of conviction and sentence is based upon a "void and erroneous judgment of the court alleged to have been pronounced May 4, 1926, which said judgment does not disclose that petitioner was adjudged guilty of any violation of the criminal statute;" further, "that the said judgment was pronounced" upon the verdict hereinbefore referred to, and that that verdict does not find him guilty of any offense; further, that if this court should find that "the judgment of the court does pronounce the defendant guilty of an offense, that the judgment is erroneous and void in that the judgment is not based upon any verdict upon which the court had jurisdiction to pronounce judgment as and for a felony;" and further, that "he now stands upon the record at the state prison committed for the crime of rape when, in truth and in fact, he was never convicted of any felony."

The information on which petitioner was tried duly charged him with rape under sec. 340.47, Stats.  Even if the circuit court committed error in considering the verdict of the jury sufficient basis for adjudging the defendant guilty of a violation of sec. 340.47, Stats., and in pronouncing judgment and sentencing petitioner on that verdict for the offense specified in sec. 340.47, or erred in the manner of pronouncing judgment, or in any other respect asserted in the petition, such errors were acts committed within or during the course of the exercise of the court's jurisdiction.

The question as to whether during the course of the exercise of such jurisdiction error was committed in any of those respects cannot be reached in a *habeas corpus* proceeding.

*In re Carlson,* 176 Wis. 538, 186 N. W. 722. In that case this court said:

"The information in this case charges the commission of an offense, and the court having jurisdiction of the person of the defendant and jurisdiction of the subject matter had jurisdiction to proceed. Upon the petitioner's plea of guilty the court adjudged him guilty of murder in the first degree and sentenced him accordingly. The information not charging the petitioner with aiding and assisting in the commission of the crime of murder in the first degree, the judgment and sentence of the court was clearly erroneous. The question then arises, Was the act of the court within its jurisdiction? If it is merely erroneous and within the jurisdiction of the court, the question cannot be reached in a *habeas corpus* proceeding. The statutes of this state prescribe plainly what questions may be considered upon the return of a writ of *habeas corpus.*

"Sec. 3427. The court or judge must make a final order to remand the prisoner if it shall appear that he is retained in custody either:

"(1) . . .

"(2) By virtue of the final judgment or order of any competent court of civil or criminal jurisdiction or of any execution issued upon such judgment or order.

"By sec. 3428 it is provided:

"But no such court or officer, on the return of any such writ, shall have power to inquire into the legality or justice of any judgment, order or execution specified in the next preceding section (sec. 3427)." (Page 550.)

Then, after an extended and careful review of the precedents in this and other jurisdictions, the opinion in *In re Carlson* continues:

"Applying the law declared by these decisions, it is apparent in the instant case that when the information was filed charging the petitioner with homicide, it was within the jurisdiction of the circuit court, upon the petitioner entering a plea of guilty, to proceed to adjudge him guilty of murder in the first degree and sentence him accordingly, and while, as in the case of *Hogan v. State* [30 Wis. 428] and in the case of *State ex rel. Welch v. Sloan* [65 Wis. 647,

27 N. W. 616], the conclusion reached by the circuit court was erroneous, it still was not beyond nor without its jurisdiction. Whether it be regarded, as in the *Semler Case,* 41 Wis. 517, as an erroneous conclusion, or be regarded as an excessive sentence, as in the case of *In re Graham,* 74 Wis. 450, 43 N. W. 148, it is in both aspects an error which the court committed within the exercise of its jurisdiction, and therefore under our statutes, which are merely declaratory of the common law, it is the duty of this court to remand the petitioner.

"The petitioner in this case was not without remedy. The error would no doubt have been promptly corrected had it been called to the attention of the trial court, and failing that, there was open to the petitioner a review by writ of error, which, by sec. 21, art. I, of our constitution, shall never be prohibited by law." (Pages 554, 555.)

Consequently, it appears upon the face of the petition that the petitioner is not entitled, by reason of any alleged errors set forth in the petition, to be discharged from custody pursuant to a writ of *habeas corpus.* However, a further quotation from *In re Carlson, supra,* is applicable:

"The merits of this case are not in any way before us for review. The record is silent as to the circumstances attending the commission of the crime with which the petitioner is charged. If by reason of his neglect, or want of knowledge as to his rights, the petitioner has been unjustly punished, or his punishment is, in view of all the circumstances, excessive, sec. 6 of art. V has vested with the governor of this state the power to relieve the petitioner." (Page 555.)

*By the Court.*—Application for writ denied.