IN RE CASH. [*Habeas corpus.*]

*March 9—April 3, 1934.*

*Walter Schinz, Jr.,* of Milwaukee, for the plaintiff.

The *Attorney General* and *J. E. Messerschmidt,* assistant attorney general, for the defendant.

NELSON, J.   On February 9, 1934, pursuant to the procedure suggested in *In re Exercise of Original Jurisdiction of Supreme Court,* 201 Wis. 123, 229 N. W. 643, there was filed in this court in behalf of Duly Cash, hereafter called the petitioner, an application for a writ of *habeas corpus.* It appears from the petition and the record of the municipal court of Milwaukee county that on April 20, 1929, an information was filed by the district attorney of Milwaukee county against the petitioner, in which he was charged in the first count with the crime of burglary, and in the second

count with a prior conviction of a similar offense; that the petitioner upon being arraigned pleaded not guilty to the first count and guilty to the second count; that the court thereupon appointed counsel for the petitioner because of his indigence; that the petitioner waived a trial by jury and witnesses were sworn who testified on behalf of the state; that at the close of the state's case the court denied the petitioner's motion to dismiss the action; that thereafter, the mental condition of the petitioner having been called to the attention of the court, a commission of three physicians was appointed to examine the petitioner; that the three physicians reported to the court the results of their investigation and were duly examined under oath. Upon the report made and the testimony taken the court found that the petitioner was then insane and accordingly committed him to the Central State Hospital for the Insane at Waupun to be there confined until he should recover from such insanity. All proceedings in the action were stayed pending the recovery of the petitioner. Thereafter, on April 28, 1930, the court was duly advised that the petitioner had recovered and was then sane. The petitioner was then brought into court for further proceedings, whereupon his attorney moved to dismiss the action for the reason that the petitioner was insane at the time of the commission of the offense. The court denied the motion, and without taking further testimony sentenced the petitioner to the Wisconsin State Prison for an indeterminate term of from eight to nine years. The petition further alleges:

"That according to the report of the physicians aforesaid, said defendant was insane at the time of the commission of the alleged offense, to wit, on April 16, 1929, and insane at the time of his arraignment on April 20, 1929, and at the time of his trial on April 25 and 26, 1929, and was described as unable to confer with counsel on his own behalf; that despite such finding of insanity, defendant was allowed

to plead to the charge against him, to waive a jury and to be forced to have witnesses sworn against him and to confer with his counsel, although incompetent; that although defendant was found to be insane at the time he committed the alleged offense, he was sentenced therefor; that upon the recovery of his sanity the defendant was sentenced without further testimony or opportunity to defend on the merits and on the basis of testimony advanced against him while he was insane."

The petitioner contends that under the circumstances the court had no jurisdiction to sentence him and that therefore his imprisonment is without authority.

No claim is made that the information filed against the petitioner was insufficient, or that the municipal court did not have jurisdiction of the action. It is clear that the court did have jurisdiction of the action. It is equally clear that the complaint of the petitioner is directed wholly to the error of the court in sentencing the defendant to the Wisconsin State Prison without giving him an opportunity to show that at the time he committed the offense and at the time of his trial he was insane. It is clear that the court erred in so proceeding, but such error did not in any way affect the jurisdiction of the court. However great the error may have been, such error cannot be reached in a *habeas corpus* proceeding. It is the law of this state that errors committed by a court within the exercise of its criminal jurisdiction cannot be reviewed in a *habeas corpus* proceeding, and that where it appears on the face of the petition for such a writ the court had jurisdiction of the person and of the subject-matter when it pronounced judgment and sentenced a defendant, the application will be denied. *In re Carlson,* 176 Wis. 538, 186 N. W. 722; *In re Elliott,* 200 Wis. 326, 228 N. W. 592.

It has been said over and over again that error committed within the jurisdiction of the court can be reviewed

only by a writ of error or appeal and not by a writ of *habeas corpus.* *Kreutzer v. Westfahl,* 187 Wis. 463, 204 N. W. 595; *State ex rel. Reynolds v. Circuit Court,* 193 Wis. 132, 214 N. W. 396; *In re French,* 81 Wis. 597, 51 N. W. 960; *In re Carlson, supra,* in which the authorities are reviewed; *In re Elliott, supra.*

*By the Court.*—Application for writ denied.