CITY OF JANESVILLE, Respondent, vs. TWEEDELL, Appellant.
*December 5, 1934—March 5, 1935.*

*Dan McCluskey* of Janesville, for the appellant.

*Robert J. Cunningham* of Janesville, city attorney, for the respondent.

The following opinion was filed January 8, 1935:

FRITZ, J. The most important question on this appeal is whether sec. 264.02 (2), Stats., which provides that—

"no female shall be arrested in any action except for a wilful injury to person, character or property,"

prohibits the arrest and imprisonment of a female who is prosecuted and convicted for violating a city ordinance which imposes a fine or imprisonment for such a violation. That provision in sec. 264.02 (2), Stats., was enacted in 1858. Subsequently, the legislature, in sec. 259 of ch. 326, Laws of 1889, enacted a statute, which, as revised somewhat in form in sec. 34a of ch. 242, Laws of 1921, is now sec. 62.09 (13), and a part of ch. 62, Stats., which is the General Charter Law for all cities excepting those of the first class. Sec. 62.09 (13), Stats., provides, in respect to the police officers in cities, as follows (so far as here material) :

". . . The chief and each policeman . . . shall arrest with or without process and with reasonable diligence take before the police justice or other proper court every person found in

the city in a state of intoxication or engaged in any disturbance of the peace or violating any law of the state or ordinance of such city. . . ."

The words "every person," which have been in that statute since 1889, clearly include female offenders.

The authority and power thus specifically conferred by sec. 62.09 (13), Stats., upon city police officials supersedes sec. 264.02 (2), Stats., in so far as it purports to exempt females from arrest in a civil action. Nowhere in ch. 62, Stats., relating to the powers of officials to proceed, in respect to the enforcement of ordinances enacted for the government and good order of the city, by the prosecution of civil actions, does there seem to be any exemption as to females. Thus, without any limitation as to sex, sec. 62.11 (5) provides that the city council may carry out its power to act for the government and good order of the city by "regulation, suppression, . . . fine, imprisonment, . . . and other necessary and convenient means," and that the powers conferred by that section "shall be limited only by express language." Likewise, without any such limitation, sec. 62.26 (6) (b), Stats., provides (when cities are in more than one county) :

"Accused persons may be put in custody of an officer or committed to the jail of the city or of the county where the offense was committed. Persons committed for offenses against city ordinances . . . shall be committed to the jail of the county in which the action was tried;" and likewise sec. 62.24 (2) (e), Stats., provides : "The police justice may punish violation of city ordinance by fine or imprisonment, or both, and may sentence any person convicted of violation of city ordinance, . . . to pay a fine and the costs of prosecution or be imprisoned in the county jail. . . ."

The only instance of any limitation in respect to sex in any of the provisions in ch. 62, Stats., which relate to such prosecutions, is in sec. 62.25 (2) (c), Stats., which, after providing that in case of conviction for the violation of a

city ordinance, the court shall, in addition to sentence of imprisonment, if any, enter judgment against the defendant for costs and for the fine, if any, provides also—

"that he be imprisoned in the county or city jail . . . unless the judgment is sooner paid."

However, in view of the more comprehensive scope of the other provisions mentioned above, the pronoun "he" in that section does not necessarily limit the application thereof solely to the masculine sex. In the absence of any more definite indication in par. (c) of sec. 62.25 (2), Stats., that its application is to be limited solely to the masculine sex, that paragraph should, under sec. 370.01 (2), Stats. (which provides that in the construction of statutes "every word importing the masculine gender only may extend and be applied to females as well as to males"), be construed as also applicable to females.

Furthermore, as the subject-matter of the above quoted provisions of ch. 62, Stats., is the enactment and enforcement of city ordinances, and the prosecution and punishment of violators thereof, including the arrest of "every person" violating such ordinances, those specific provisions should be held to prevail as to all matters and questions arising out of the subject-matter of that chapter, in so far as general provisions in ch. 264, Stats., may seem to contravene or conflict with those specific provisions in ch. 62, Stats. Sec. 370.02 (2), Stats. As those provisions warrant the conclusion that, in prosecutions for violations of city ordinances, the duties and power of the city police and courts to arrest and imprison extend to females as well as to males, notwithstanding any general provision in sec. 264.02 (2), Stats., cases decided under other statutes, as *People ex rel. Strickland v. Bartow,* 27 Mich. 68, are not in point.

Other questions were raised in respect to alleged irregularities or errors in procedure, before the commissioner and the

circuit court, but the only reversible error was committed by the commissioner's failure to remand the prisoner for want of power to inquire into the legality of the judgment and commitment of the municipal court. As that judgment and the commitment issued in execution thereof, were the final judgment and order of a competent court of civil and criminal jurisdiction, Lydia Tweedell was not entitled to prosecute a writ of *habeas corpus* (sec. 292.02, Stats.); neither the court commissioner nor any court or other judicial officer had power, on the return of that writ, to inquire into the legality or justice of that final judgment and commitment (sec. 292.22, Stats.); and, upon it appearing that Lydia Tweedell was detained in custody by virtue of such a judgment and commitment, it was the duty of the commissioner to make an order remanding the prisoner to the custody of the sheriff (sec. 292.21, Stats.). It is not the scope of *habeas corpus* to perform the office of a writ of error or appeal. *In re Carlson,* 176 Wis. 538, 186 N. W. 722; *In re Elliott,* 200 Wis. 326, 228 N. W. 592; *In re Cash,* 215 Wis. 148, 253 N. W. 788. If the municipal court erred in ordering that judgment and commitment, relief on that ground should have been obtained by an appeal to the circuit court.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied, with $25 costs, on March 5, 1935.