STATE EX REL. DOXTATER, Petitioner, vs. MURPHY, Warden, Respondent.

*February 15—April 29, 1946.*

594

596

*Jack J. Schumacher* of Shawano, for the petitioner.

For the respondent there was a brief by the *Attorney General* and *William A. Platz,* assistant attorney general, and oral argument by *Mr. Platz.*

A brief was filed by *Brooke Tibbs* and *Webster Woodmansee,* both of Milwaukee, as *amicus curiæ.*

ROSENBERRY, C. J.    From the petition in this and in other cases it is apparent that counsel are not fully informed as to procedure and particularly pleading in cases involving denial of due process of law by failure to provide counsel.    In some cases, as for instance those relating to the custody of minors, those relating to alleged fugitives from justice, and others, the procedure has been to issue a writ and then proceed as provided in sec. 292.19, Stats.

Sec. 292.03, Stats., provides that every application for a writ on behalf of persons sentenced to the state prison—

"must be made to the supreme court or to one of the justices thereof *and shall be made returnable only to that court.*"

The provision that the writ shall be returnable only to the court has been in force since the enactment of ch. 45, Laws of 1864.    From this provision it is clear that while a justice of this court may issue the writ, all further proceedings must be before the court.

This court in 1931 adopted the procedure since approved in *Walker v. Johnston* (1941), 312 U. S. 275, 284, 61 Sup. Ct. 574, 85 L. Ed. 830, which is as follows: An order to show cause is issued upon the petition, a return is made, and the matter is then considered upon the merits as if the writ had issued. When it appears that an issue of fact is presented, as in *State ex rel. Drankovich v. Murphy, ante,* p. 433, 22 N. W. (2d) 540, decided April 12, 1946, the matter is referred to a referee to hear, try, and determine the issue of fact.    Respecting this procedure the supreme court of the United States in *Walker v. Johnston, supra,* p. 284, said:

"Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent may answer. By this procedure the facts on which the opposing parties rely may be exhibited, and the court may find that no issue of fact is involved. In this way useless grant of the writ with consequent production of the prisoner and of witnesses may be avoided where from undisputed facts or from incontrovertible facts, such as those recited in a court of record, it appears, as matter of law, no cause for granting the writ exists."

Sec. 292.04, Stats., provides what the petition must state in substance. The technical matters are prescribed by subs. (1) to (4). Sub. (5) is as follows: "In what the illegality of the imprisonment consists."

By sec. 454, USCA, title 28, Judicial Code, the corresponding requirement is stated as follows: Application for writ of *habeas corpus* shall set forth—

"the facts concerning the detention of the party restrained, in whose custody he is detained, and by virtue of what claim or authority, if known."

Under this section, in note 8, a number of cases are cited to the effect that a petition in which is alleged no more than that the petitioner is restrained in violation of the constitution and laws of the United States and is illegally imprisoned without due process of law, but does not set out in detail anything touched by the federal laws or constitution, does not state facts sufficient to give the court jurisdiction. A petition containing merely loose general allegations which fail to show that petitioner is wrongfully detained is defective. Substantially the same rule obtains in this state. See *Petition of Semler* (1877), 41 Wis. 517; *In re Cash* (1934), 215 Wis. 148, 253 N. W. 788; *Kushman v. State ex rel. Panzer* (1942); 240 Wis. 134, 2 N. W. (2d) 862.

In *Hawk v. Olson* (1945), 326 U. S. 271, 66 Sup. Ct. 116, 90 L. Ed. 00, it appears that the supreme court of Nebraska

affirmed a judgment of the district court dismissing a petition for *habeas corpus* for want of merit and failure to state a cause of action. The supreme court said (p. 273) :

"As no response was filed or evidence received in the district court, we accept as true all well-pleaded allegations of the petition and, in the exercise of the duty which lies on us as well as the Nebraska courts to safeguard the federal constitutional rights of petitioner, examine for ourselves whether under the facts stated the petitioner is now entitled to a hearing on the claimed violations of the due-process clause in his conviction for murder in the first degree."

The allegations of the petition are set out in the opinion (p. 276). The supreme court of the United States held that the allegations of the petition were sufficient to require a hearing even though the supreme court of Nebraska held that sufficient facts were not stated as required by the Nebraska statute. The judgment of the supreme court of Nebraska was reversed with the suggestion that the petition might be amended on a new hearing.

It is apparent that in cases involving denial of due process because of failure to advise petitioner of his right to counsel, the facts required to be stated by sec. 292.04 (5), Stats., should be stated fully. See the following cases : *Williams v. Kaiser* (1945), 323 U. S. 471, 65 Sup. Ct. 363, 89 L. Ed. 398; *Tomkins v. Missouri* (1945), 323 U. S. 485, 65 Sup. Ct. 370, 89 L. Ed. 407; *Rice v. Olson* (1945), 324 U. S. 786, 65 Sup. Ct. 989, 89 L. Ed. 1367.

In a petition for a writ of *habeas corpus,* based on the claim that the petitioner was denied due process of law because he was not advised as to his right to counsel, the allegations of the petition should cover the following matters : (1) Whether he knew that he was entitled to the benefit of counsel, and if so; why he did not request the court to appoint counsel; (2) whether he made any effort to procure counsel and if he did not do so, the reason for his failure; (3) whether he was

capable of making his own defense; (4) whether he was denied the right to confer with persons other than the inmates of the place where he was confined; and (5) whether he knew the consequences of entering a plea of guilty.

By ch. 448, Laws of 1945, sec. 357.26, Stats., was amended so that sub. (2) reads as follows:

"Upon the arraignment, and before plea, of any person charged with a felony he shall be advised by the court of his right to counsel, and a record shall be made of such advice upon the minutes of the court or in a transcript of the proceedings."

This amendment became effective July 17, 1945, but had not yet come to the attention of the trial court at the time of the hearing in this case. The trial court was clearly in error in failing to advise the defendant of his rights. The defendant, the petitioner here, took no appeal from the judgment and sentence of the court. If such an appeal had been taken undoubtedly error would have been confessed and the case remanded to the trial court.

In *Williams v. Kaiser, supra,* the supreme court of the state of Missouri held that a petition for a writ of *habeas corpus* by one claiming that on his trial on a charge of felony the court had failed to grant his request that counsel be appointed to assist him, was not sufficient because it did not appear that a state statute requiring the appointment of counsel was violated. The supreme court of the United States held that the decision of the supreme court of the state of Missouri did not foreclose the supreme court of the United States from considering the question whether petitioner's constitutional right under the Fourteenth amendment was violated.

In *Williams v. Kaiser, supra,* it was further held that where the time for appeal had expired, the failure of one convicted upon his plea of guilty to appeal on the ground that he had been denied the assistance of counsel, or to show an excuse for failing to appeal, is not an adequate defense to a petition for a

writ of *habeas corpus* based on the denial of the assistance of counsel. That has no application to this case where the time to appeal had not expired when the defendant has availed himself of the assistance of counsel in ample time to take an appeal.

The question arises whether under these circumstances the petitioner should not be required to resort to other available remedies before applying for a writ of *habeas corpus*. In this case the judgment and sentence were rendered on September 6, 1945. Sec. 358.13, Stats., provides that in criminal cases an appeal may be taken within one year from the date of entry of judgment so that the time for appeal does not expire in this case until September 5, 1946. The general rule is that relief by *habeas corpus* will not be granted where relief may be had or could have been procured by resort to another general remedy. *In re Lincoln* (1906), 202 U. S. 178, 26 Sup. Ct. 602, 50 L. Ed. 984. See 25 Am. Jur., Habeas Corpus, p. 155, sec. 19, and cases cited to note 13; 39 C. J. S., Habeas Corpus, p. 437, sec. 7, and cases cited, p. 438, sec. 8.

In *Goto v. Lane* (1924), 265 U. S. 393, 401, 44 Sup. Ct. 525, 68 L. Ed. 1070, the supreme court of the United States held that—

> "The instances in which a writ of *habeas corpus* is granted, when the law has provided another remedy in regular course, are exceptional and usually confined to situations where there is peculiar and pressing need for it, or where the process or judgment under which the prisoner is held is wholly void."

It has been held that the fact that a petitioner has permitted the time to elapse within which an appeal may be taken does not give him the right to resort to *habeas corpus*. However, it is held in exceptional cases that the writ may issue after the time for appeal has elapsed, it being within the discretion of the court, but the writ does not issue under such circumstances as a matter of right. 39 C. J. S., Habeas Corpus, p. 439, cases cited note 44.

In this case the trial court had jurisdiction to sentence the defendant, but committed jurisdictional error in failing to advise the defendant of his right to assistance by counsel. The petitioner had and has a complete and adequate remedy by way of appeal or writ of error. Therefore he is not entitled to a remedy by way of a writ of *habeas corpus* and his petition must be denied.

Counsel for petitioner apparently was of the view that by appealing or suing out a writ of error, the petitioner would waive jeopardy. That is undoubtedly true. However, the proceedings in this case were regular so far as arrest and holding the petitioner for trial were concerned. So that whether he were here on an appeal or pursuant to a writ of *habeas corpus,* he would in either event be remanded for further proceedings in the trial court, it being within the power of the appellate court to remand him, to discharge him, or admit him to bail as the circumstances of the case may require. This is not a case where the statute under which he was prosecuted was void because unconstitutional, or where the court failed to gain jurisdiction by reason of some defect in the proceeding, but is a case where the court by reason of jurisdictional error pronounced an invalid sentence. See *State v. Bloom* (1863), 17 Wis. *521.

It is only when no legal cause is shown for the imprisonment of the petitioner that the court or judge is required to make and file an order discharging the petitioner from custody. (Sec. 292.20, Stats.)

Sec. 292.24, Stats., provides:

"If the prisoner be not entitled to his discharge and be not bailed the court or judge shall remand him to the custody from which he was taken, if the person under whose custody he was, be legally entitled thereto; if not so entitled, he shall be committed to his legal custodian."

The procedure prescribed by sec. 292.24, Stats., was followed in the *Drankovich Case, supra,* decided April 12, 1946.

In this case we have considered matters which are not necessary to a decision. We have done this intentionally for the purpose of amplifying what was said in 201 Wis. 123, in the hope that it may be of assistance to counsel in preparing petitions in cases of this kind. What is said in this opinion and in the opinion in the *Drankovich Case, supra,* together with the cases cited in the opinions, should be of assistance to counsel in preparing *habeas corpus* cases to be presented to this court.

In addition to briefs of counsel for the parties, the court had the benefit of a brief *amicus curiæ* by Messrs. Brooke Tibbs and Webster Woodmansee, filed at the request of the court.

*By the Court.*—Petition denied.

RECTOR, J., took no part.