STATE EX REL. George LeFEBRE, Petitioner,†

v.

Thomas R. ISRAEL, Superintendent of Waupun Correctional Institution, Respondent.
[Case No. 81–1859–W.]

STATE EX REL. George LeFEBRE, Petitioner,

v.

Donald PERCY, Secretary, Department of Health & Social Services, et al., Respondents.
[Case No. 81–1860–W.]

Supreme Court

*Nos. 81–1859–W, 81–1860–W. Filed November 2, 1982.*
(Also reported in 325 N.W.2d 899.)

† Motion for reconsideration denied, without costs, on December 14, 1982. HEFFERNAN, J., took no part.

338

PER CURIAM. The petitioner, George LeFebre, an inmate at the Waupun Correctional Institution has filed two petitions for writs of habeas corpus in this court. The first petition, dated August 27, 1981, was assigned case #81–1859–W. The second petition, dated September 25, 1981, was assigned case #81–1860–W. This court ordered responses to both petitions. After receiving such responses, this court appointed the Hon. William C. Sachtjen to act as referee to resolve the disputed issues of fact raised in the petitions and responses.

The referee held a hearing on these petitions on April 1, 1982, at which the petitioner appeared *pro se*. The referee has now submitted his findings and supplemental findings, as well as a transcript of that hearing. After a review of the record, exhibits, transcript of the hearing, the petitions and responses and affidavits submitted in support thereof, the referee's findings and supplemental findings and the petitioner's objections thereto, we conclude that the petitioner is not entitled to habeas corpus relief. Accordingly, we deny both petitions.

## I. PETITION #81–1859–W

After reviewing this petition, we deem that the petitioner has raised only four issues relevant to habeas corpus relief:

(1) whether the petitioner has been denied access to the courts resulting in his failure to timely file his brief in case #81–205–CR in the court of appeals;

(2) whether the petitioner's 1959 judgment of conviction for burglary in La Crosse County was entered without jurisdiction because the petitioner was at that time under a prior juvenile court commitment;

(3) whether the Hon. John Fiorenza has refused to take action on the petitioner's Ozaukee County circuit court motion for modification of sentence; and

(4) whether the Ozaukee County circuit court improperly relied on erroneous records to enhance the sentences imposed on the petitioner in 1970 for armed robbery.

Each issue will be briefly discussed.

*Denial of Access to the Courts*

In Case #81–205–CR, the petitioner sought to appeal an order entered in the La Crosse county circuit court, the Hon. Peter Pappas presiding, which denied his motion to vacate and expunge his 1959 conviction for burglary. In such motion the petitioner had alleged that the La Crosse county circuit court had no jurisdiction over him in 1959 because he was at that time under a prior juvenile commitment order. The court of appeals dismissed the appeal because the petitioner had not filed his brief within the time extended by that court. In his petition for habeas corpus, the petitioner contends that he was unable to timely file his brief and appendix because he had been deprived of his access to the courts by the prison authorities. He further alleges that district IV of the court of appeals had allowed this to occur and was prejudiced against him.

The referee found against the petitioner on this issue. The referee set forth that the petitioner asked the court of appeals for an indefinite extension of time in which to file his brief because he claimed that prison officials were

interfering with his legal work. The court of appeals granted the petitioner an extension from March 18, 1981, until June 19, 1981, in which to file his brief. It was not until August 19, 1981, that the court of appeals dismissed the appeal for failure to file the brief. Furthermore, the referee pointed out that on May 18, 1981—which was within the period of time when the petitioner's appeal and briefing schedules were pending in the court of appeals—the petitioner was able to file an original action in this court. The referee found that the petitioner, who is familiar with legal procedures, had made no showing that he was unable to comply with the briefing schedule, nor had he explained why he failed to communicate with the court of appeals after March 2, 1981, explaining his alleged problems with the briefing schedule or requesting additional extensions of time. Based on these findings the referee concluded that there is no merit to the defendant's claim that he has been denied access to the courts.

This court accepts the referee's findings on this issue as not being against the great weight and clear preponderance of the evidence. *See, State ex rel. Casper v. Burke,* 7 Wis. 2d 673, 676, 97 N.W.2d 703 (1959); *see also, State ex rel. Kline v. Burke,* 27 Wis. 2d 40, 133 N.W. 2d 405 (1965). Certainly, if the petitioner had actually been deprived of access to the courts he would have been unable to file his various motions and original action in this court. Based on the referee's findings, we agree that the petitioner has not been deprived of his right of access to the courts. The petitioner is not entitled to habeas corpus relief on this issue.

*Prior Juvenile Court Commitment*

In his habeas corpus petition, the petitioner renewed his argument that the La Crosse county circuit court had

no jurisdiction over him in 1959 without there first having been a waiver of juvenile court jurisdiction over him. This specific issue was decided against the petitioner by Judge Pappas when he denied the petitioner's motion to vacate and expunge the record. That denial order was the basis for the appeal to the court of appeals in case #81–205–CR. Based on the finding that the petitioner had not been denied access to the courts, and therefore, the court of appeals properly dismissed his appeal, we conclude that the petitioner cannot now on this habeas corpus petition again raise the juvenile jurisdiction issue. That issue would have been resolved on appeal but for the petitioner's negligence in failing to timely file his brief and appendix. The petitioner has no valid reason to excuse such failure. Under these circumstances, he should not now be permitted to raise an issue he could have presented had he diligently pursued his appeal. *Cf. State v. Langston*, 53 Wis. 2d 228, 232, 191 N.W.2d 713 (1971) ; *see also, State ex rel. Doxtater v. Murphy*, 248 Wis. 593, 22 N.W.2d 685 (1946).

Even if this court were to consider the merits of the petitioner's claim that the La Crosse county circuit court had no jurisdiction over him in 1959 because there had been no juvenile court order waiving juvenile jurisdiction, we would conclude that he could not prevail. In 1959, the petitioner was 19 years old. He was convicted in the La Crosse county circuit court on his guilty plea to the offense of burglary which was committed when he was 19 years old. The fact that the petitioner was under a previous unexpired juvenile commitment is of no significance. The existence of the previous juvenile commitment did not entitle the petitioner to thereafter be treated as a juvenile until he reached the age of 21. In 1959, as now, individuals 18 years or older who committed crimes, were charged and treated as adults. The petitioner was entitled to no special treatment. In 1959, the

La Crosse county circuit court had jurisdiction over him even though he was at the time still under a juvenile commitment order.

## Refusal to Act on Petitioner's Motion

The petitioner alleges that Judge John Fiorenza, assigned as a reserve judge in Ozaukee county circuit court, has refused to take any action on the petitioner's motion to modify the sentences imposed on him in that court in 1970 for armed robbery. The referee found that Judge Fiorenza had entered a written order on March 23, 1981, denying in part the motion and that Judge Fiorenza had orally denied the remaining portion of the motion at a hearing held on October 20, 1981. Although a final written order denying the motion for modification of sentence had not been signed by Judge Fiorenza as of the date of the referee's hearing in this case, we take judicial notice of the fact that such order has since been prepared and was signed by Judge Fiorenza on June 4, 1982, and filed with the clerk on October 21, 1982. Accordingly, we agree with the referee's conclusion that the petitioner's interest in challenging the denial of his motion for sentence modification by the Ozaukee county circuit court is adequately protected by his right to timely file a notice of appeal from such order. In any event, the petitioner's remedy for the trial court's failure to file a written order from which an appeal can be taken is mandamus, not habeas corpus. We conclude that the petitioner is not entitled to habeas corpus relief on this issue.

## Erroneous Record of Convictions

The petitioner asserts that at the time he was sentenced on three armed robbery convictions in Ozaukee county in 1970, the Ozaukee county circuit court improperly enhanced the sentences imposed because of reliance on er-

roneous records showing two, rather than one, burglary convictions for the petitioner in 1959.

The referee's supplemental findings on this issue specifically refute this contention. The referee found that the petitioner was convicted of only one count of burglary on January 16, 1959; based on the exhibits and affidavits in the record, the referee also found that the only document which erroneously lists two burglary convictions in 1959 in La Crosse county is a pre-sentence report which was prepared for the petitioner's sentencing in an unrelated case in February of 1967.

Additionally, the referee has found, after a review of the sentencing transcript in the Ozaukee county case, that only a copy of the petitioner's record from the La Crosse county sheriff's department and the police department was before the Ozaukee court at the time of the 1970 sentencing. The transcript does not indicate that any presentence report—including the erroneous 1967 one—had been introduced prior to the 1970 sentencing. Furthermore, the referee found that the Ozaukee county circuit court had not given any particular weight to the petitioner's prior criminal record. Instead, the 1970 sentences were imposed primarily based on the seriousness of the armed robberies committed.

Based on these findings, the referee concluded that in 1970 the Ozaukee county circuit court did not rely on any erroneous information to enhance the three 30-year concurrent sentences imposed on the petitioner following his guilty pleas to the three counts of armed robbery.

After a review of the referee's supplemental findings, the exhibits and affidavits in support thereof, the Ozaukee county circuit court sentencing transcript and the record from the referee's hearing, we conclude that these findings are not against the great weight and clear preponderance of the evidence.

Federal cases have recognized that a defendant has a due process right at sentencing to be sentenced on the basis of true and correct information, *see, Gutierrez v. Estelle,* 474 F.2d 899 (5th Cir. 1973) ; *Davies v. Estelle,* 529 F.2d 437 (5th Cir. 1976) ; *U.S. v. Burkley,* 511 F.2d 47 (4th Cir. 1975) ; *U.S. v. Lucas,* 513 F.2d 509 (D.C. Cir. 1975) ; and, *Ganz v. Bensinger,* 480 F.2d 88 (7th Cir. 1973). This court has also recognized this principle. *See, Krueger v. State,* 86 Wis. 2d 435, 444, 272 N.W.2d 847 (1979) ; *Bruneau v. State,* 77 Wis. 2d 166, 175, 252 N.W.2d 347 (1977). However, this principle can provide no comfort to the petitioner in this case because as the referee has found, the Ozaukee county circuit court did not rely on erroneous information in sentencing the petitioner. There is nothing in the 1970 sentencing transcript or record before this court to indicate that the Ozaukee county circuit court was even aware of the erroneous information which appeared in the 1967 pre-sentence report. More important, there is nothing to support the petitioner's claim that this erroneous information was improperly used to enhance the sentences imposed in 1970. We note that this is the same conclusion reached by Circuit Judge Richard Orton in 1979 when he disposed of the petitioner's post-conviction motion which raised the same issue.

We conclude, on the basis of the referee's findings, that there is no merit to the claims raised by the petitioner in this habeas corpus petition.

## II. PETITION #81–1860–W

In the petition dated September 25, 1981, the petitioner primarily asserts that La Crosse county filed detainers against him at the prison based on charges that had been dismissed. The petitioner further claims that the prison authorities used those expired detainers to keep

him in prison and to keep him in maximum security. He also contends that prison authorities have permitted a letter making false allegations against him to be kept in his file which has adversely affected his chances for parole. According to the petitioner, 98 percent of the prison records concerning him are false and have been used against him to keep him in prison.

After reviewing this petition, we deem that it raises only two issues relevant to habeas corpus relief: (1) that false information contained in his prison records have adversely affected his chances for parole and have kept him in maximum security; and (2) that a detainer is still lodged against him even though the charges have been dismissed.

The referee has made specific findings with respect to these contentions. The referee has found that a warrant from La Crosse county had been filed as a detainer against the petitioner at the prison on April 27, 1970, and had been dismissed by the La Crosse county authorities but never removed from the petitioner's files. However, the referee has further found that the detainer based on that 1970 warrant has now been removed from the petitioner's prison record files.

We conclude that based on the seriousness of the crimes committed by the petitioner and his past criminal record that it is highly unlikely that the petitioner would have been granted parole even had this detainer been promptly removed from his prison files. The fact that a detainer was kept on file longer than it should have been, would at most warrant a new parole hearing for the petitioner. Under these circumstances, we conclude that the petitioner's allegations in this regard are not a sufficient basis for habeas corpus relief. *See, State ex rel. Terry v. Traeger,* 60 Wis. 2d 490, 499, 211 N.W.2d 4 (1973).

With respect to the petitioner's other claim that his prison records contain false or fraudulent information, the referee pointed out that the petitioner was given an opportunity at the hearing on these petitions to examine his prison files, and that the petitioner was unable to identify any specific or relevant information contained in the files which was false or fraudulent. Similarly, the referee found that although the petitioner claimed that certain records were missing from the files, he did not identify what those records were or how the missing records would substantiate his claim that he was being incarcerated on the basis of false and fraudulent information. Because the petitioner has an opportunity on request to examine his prison record files and because the prison has a complaint system which may be used by the petitioner, we agree with the referee's conclusion that the petitioner's future interest in discovering and expunging any false or incorrect information is adequately protected.

We conclude that the referee's findings, which are not against the great weight and clear preponderance of the evidence, illustrate that the petitioner is not entitled to habeas corpus relief based on either of the petitions presently before this court. Accordingly, we deny both petitions for habeas corpus.

Additionally, we deny all other motions filed by the petitioner in this court including the recently filed motion for immediate disposition of these habeas corpus petitions, the request for a mental examination for the referee and the petition to bypass the court of appeals in case #81–2218, which has been held in abeyance pending action on these habeas corpus petitions.