STATE of Wisconsin EX REL. Larry R. DOWE, Petitioner-Appellant,†

v.

CIRCUIT COURT FOR WAUKESHA COUNTY and Court Commissioner Donald J. Hassin, Presiding, Respondents-Respondents.

Court of Appeals

*No. 92–1347. Oral argument May 5, 1993.—Decided June 30, 1993.*

(Also reported in 503 N.W.2d 18.)

†Petition to review granted.

198

199

On behalf of the petitioner-appellant, there were briefs by *Wilfred P. de Junco* and *Bryan J. Borman*, assistant public defenders. There was oral argument by *Wilfred P. de Junco*.

On behalf of the respondents-respondents, there was a brief by *James E. Doyle*, attorney general, and *Daniel J. O'Brien*, assistant attorney general. There was oral argument by *Daniel J. O'Brien*.

Before Nettesheim, P.J., Brown and Snyder, JJ.

BROWN, J.   Larry R. Dowe appeals from the circuit court's order quashing a writ of *habeas corpus*. We must decide whether *habeas corpus* remains a viable method for challenging bindover decisions in light of *State v. Webb*, 160 Wis. 2d 622, 467 N.W.2d 108, *cert. denied*, 112 S. Ct. 249 (1991), *State ex rel. McCaffrey v. Shanks*, 124 Wis. 2d 216, 369 N.W.2d 743 (Ct. App. 1985), and Wisconsin's long history of allowing *habeas corpus* as a method for reviewing defects in preliminary hearings.[1] We affirm because Dowe had other

---

[1] We originally certified this issue to the supreme court for its review and determination. The certification was denied on March 10, 1993. We heard oral argument and now decide the issue.

200

adequate remedies available to him to challenge the commissioner's bindover decision.

The relevant facts are brief. Dowe was charged with two felonies and had a preliminary examination before a court commissioner in March 1992. After hearing the testimony, the court commissioner bound Dowe over for trial. Dowe subsequently petitioned to the civil court for a writ of *habeas corpus*. He claimed that the evidence was insufficient to support the commissioner's bindover decision. The trial court refused to review the bindover decision and instead quashed the writ on the ground that *Webb* precluded *habeas corpus* review of bindover decisions. Dowe now appeals to this court.

We begin with the well-settled proposition that *habeas corpus* is an extraordinary writ, which is appropriate only when no other remedy is available to the petitioner. *State ex rel. Doxtater v. Murphy,* 248 Wis. 593, 602, 22 N.W.2d 685, 689 (1946). Dowe argues that no other adequate remedy is available to him. Although he conceded at oral argument that he could have brought a motion to dismiss before the criminal branch, he asserts that civil review is the only truly independent review available. Correlatively, he states that review by motion to dismiss before the criminal court is inadequate because he has no appeal as of right from an order denying a motion to dismiss. *See State ex rel. Offerdahl v. State,* 17 Wis. 2d 334, 336, 116 N.W.2d 809, 810 (1962). Finally, Dowe argues that courts have historically allowed *habeas corpus* relief even when other remedies were available.

The state argues that Dowe could bring a permissive appeal from the bindover decision under sec. 808.03(2), Stats. The state concedes that a permissive

appeal under sec. 808.03(2) does not guarantee appellate review. However, it contends that the availability of a permissive appeal provides an adequate remedy and negates the need for *habeas corpus* relief.

First, we find no support for Dowe's contention that *habeas corpus* has been allowed even when other remedies were available at law. Under prior law, a defendant waived all claimed jurisdictional errors if he or she brought a motion to dismiss for insufficient evidence before the trial court. *See Offerdahl,* 17 Wis. 2d at 336, 116 N.W.2d at 810. Thus, *habeas corpus* was the only remedy with which a defendant could challenge the sufficiency of evidence for a bindover or any other asserted pretrial errors. If the right to review by *habeas corpus* was not asserted immediately, the defendant lost the chance to challenge the preliminary examination. Therefore, we cannot agree that courts allowed *habeas corpus* review when other remedies were available.

Under the facts of this case, Dowe has an adequate remedy at law in the form of a motion to dismiss before the circuit court. The issues addressed on a motion to dismiss would be substantively identical to those brought before the court in Dowe's petition for *habeas corpus* relief. The review is therefore the same. We reject Dowe's contention that review by a civil court is somehow more independent than review by a criminal court. Both courts are presided over by elected judges who are constitutionally bound to follow the law and to make decisions according to proper application of that law to the evidence before them. Review in the criminal branch constitutes the independent review to which Dowe is entitled.

■

Finally, we agree with the state that the lack of an appeal as of right does not destroy the adequacy of a remedy. Dowe can obtain an independent review of the bindover decision by bringing a motion to dismiss. He has the additional option of obtaining yet another review by moving for a permissive appeal under sec. 808.03(2), Stats. Thus, he has two potential opportunities to challenge the initial bindover decision. It is true that sec. 808.03(2) does not guarantee appellate review. However, review by the circuit court is guaranteed and provides an adequate opportunity to correct any alleged errors.

■

This decision is a narrow one, limited to situations in which a court commissioner makes a bindover decision and a circuit court judge is then available to review that decision. In such situations, a motion to review the bindover decision or to dismiss the case must be brought before the circuit court before appeal may be taken to this court. We do not decide whether *habeas corpus* would be available if the bindover decision were made by the same circuit court judge who would hear the motion to dismiss or to review. In such instances, the review afforded the defendant is arguably different from the review available under the facts of this case. We decide only that a court commissioner's bindover decision must be reviewed in the criminal branch of the circuit court prior to being appealed.

We affirm the circuit court based on the foregoing discussion. In the future, we suggest that a *habeas corpus* petition to review a court commissioner's bindover decision be transferred to the criminal court judge assigned to the case after the bindover. The petition should be treated as a motion to review the court

commissioner's bindover order. If the defendant is dissatisfied with the circuit court's decision, he or she may then request a permissive appeal under sec. 808.03(2), Stats.

*By the Court.*—Order affirmed.