STATE of Wisconsin EX REL. Larry R. DOWE, Petitioner-Appellant-Petitioner,

v.

CIRCUIT COURT FOR WAUKESHA COUNTY and Court Commissioner Donald J. Hassin, Presiding, Defendants-Respondents.

Supreme Court

*No. 92–1347. Oral argument April 12, 1994.—Decided June 15, 1994.*

(Also reported in 516 N.W.2d 714.)

725

For the petitioner-appellant-petitioner there were briefs by *Wilfred P. de Junco, Bryan J. Borman,* assistant state public defenders and oral argument by *Wilfred P. de Junco.*

For the respondents-respondents there cause was argued by *Daniel J. O'Brien,* assistant attorney general, with whom on the brief was *James E. Doyle,* attorney general.

WILLIAM A. BABLITCH, J. Larry S. Dowe (Dowe) seeks review of a court of appeals' decision holding that habeas corpus is not available to challenge the sufficiency of the evidence used to support the court commissioner's decision to bind Dowe over for trial. The court of appeals concluded that other adequate remedies at law exist to challenge the bindover and, therefore, habeas corpus is not available. The court limited its holding, however, to situations where the bindover is made by a court commissioner and is reviewable by a circuit judge. Because we believe a motion to dismiss provides an adequate remedy to challenge a bindover decision by a court commissioner or circuit judge, we hold that habeas corpus is not available to challenge the sufficiency of the evidence to support a bindover. Accordingly, we affirm.

The relevant facts are these: Dowe was charged with two drug-related felonies. After a preliminary examination before a court commissioner, Dowe was bound over for trial. Subsequently, Dowe petitioned the circuit court for a writ of habeas corpus. He alleged that the evidence at the preliminary examination was insufficient to support the commissioner's bindover decision, i.e., insufficient to establish probable cause that a felony had been committed. The circuit court quashed the writ, and the court of appeals affirmed holding that the writ was not available because other adequate remedies at law, such as a motion to dismiss, are available to challenge a bindover. *State ex rel. Dowe v. Waukesha*

*County Cir Ct.,* 178 Wis. 2d 198, 200–201, 503 N.W.2d 18 (Ct. App. 1993). The court of appeals limited its holding, however, to situations in which the bindover decision is made by a court commissioner and a circuit court judge is available to review that decision. *Id.* at 203. The court refused to rule on whether habeas corpus would be available if the bindover decision were made by a circuit judge. *Id.* Dowe petitioned this court and we granted review.

## I.

The first issue we address is whether habeas corpus is available to challenge the sufficiency of the evidence to support a bindover by a court commissioner. Habeas corpus is a civil proceeding guaranteed by the Wisconsin and United States constitutions[1] "to test the right of a person to his personal liberty . . .." *The State ex rel. Durner v. Huegin,* 110 Wis. 189, 220, 85 N.W. 1046 (1901). Previously, this court has held that habeas corpus was available to challenge the sufficiency of the evidence used to support a bindover to trial. *Id.; State ex rel. Dore v. Stoltz,* 42 Wis. 2d 534, 539, 167 N.W.2d 214 (1969). As an equitable doctrine, *see State ex rel. Memmel v. Mundy,* 75 Wis. 2d 276, 288, 249 N.W.2d 573 (1977), habeas corpus is confined to

---

[1] Article I, sec. 8(4) of the Wisconsin Constitution provides:

The privilege of the writ of habeas corpus shall not be suspended unless, in cases of rebellion or invasion, the public safety requires it.

Article I, sec. 9(2) of the United States Constitution provides in part:

The privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

situations in which there is a pressing need for relief or where the process or judgment upon which a prisoner is held is void. *State ex rel. Doxtater v. Murphy,* 248 Wis. 593, 602, 22 N.W.2d 685 (1946), *quoting Goto v. Lane,* 265 U.S. 393, 401 (1924). Therefore, relief under habeas corpus will not be granted where other adequate remedies at law exist. *See, e.g., Doxtater,* 248 Wis. at 602; *Wolke v. Fleming,* 24 Wis. 2d 606, 614, 129 N.W.2d 841 (1964), *cert. denied,* 380 U.S. 912 (1965); *State ex rel. LeFebre v. Israel,* 109 Wis. 2d 337, 325 N.W.2d 899 (1982).

The respondents argue that habeas corpus was, at one time, the only adequate remedy to challenge the sufficiency of the evidence to support a bindover for trial. The respondents contend that because other adequate remedies now exist, habeas corpus may not be used. Dowe contends that habeas corpus remains a viable remedy to challenge the court commissioner's decision to bind him over for trial. He concedes that generally habeas corpus does not lie where other adequate remedies exist. He contends, however, that this court has carved an exception in the general rule for challenges to a bindover and has allowed habeas corpus even though other adequate remedies existed at law. Our examination of case law, recent statutory amendments, and the consequent similarities between a motion to dismiss and a petition for habeas corpus, compel us to disagree. Habeas corpus was once the only adequate remedy for challenging a bindover. In light of the virtually identical review now afforded a defendant by a motion to dismiss, we hold that a motion to dismiss is an adequate remedy and that habeas corpus is not available to challenge the sufficiency of the evidence to support a bindover by a court commissioner.

Prior to 1977, a motion to dismiss was considered an inadequate remedy for challenging bindovers, and thus habeas corpus was the sole remedy. This court stated as much in *Dore,* 42 Wis. 2d 534. In *Dore,* the defendant initially brought a motion to dismiss challenging the evidence to support the bindover. Once denied, the defendant obtained a writ of prohibition to stay the proceedings. *Id.* at 536. In determining that a writ of prohibition was not the proper remedy, the court addressed the opposing argument that the defendant should have sought an appeal from the denial of his motion to dismiss. The court concluded that denial of a motion to dismiss did not terminate proceedings and thus it was a nonappealable order. *Id.* at 537–38. In light of this conclusion, the court declared that habeas corpus, which was appealable if not sought for dilatory purposes,[2] was the sole remedy for challenging a bindover. *Id.* at 538. In so declaring, however, the court recognized that the defendant could no longer pursue habeas corpus because he had submitted to the circuit court's jurisdiction when he brought his motion to dismiss. *Id.* at 540. Therefore, once a motion to dismiss was denied, the defendant was without further remedy.

Recent statutory amendments indicate that the need for habeas corpus recognized in *Dore* has changed. In 1978, the legislature enacted sec. 808.03(2), Stats., which permits appeal of a motion to dismiss if any of

[2] The writ of habeas corpus was appealable as of right until 1949. *See* sec. 274.05, Stats. (1939). In 1949, the statute was amended to condition issuance of a writ on a finding by a justice of the supreme court that the writ was not "sought for dilatory purposes." *See* sec. 274.05 (1949). *See also State ex rel. McCaffrey v. Shanks,* 124 Wis. 2d 216, 223 n.4, 369 N.W.2d 743 (Ct. App. 1984).

the conditions in the statute are met,[3] and the defendant shows a substantial likelihood of success on the merits, *State v. Webb,* 160 Wis. 2d 622, 632, 467 N.W.2d 108 (1991), *cert. denied,* 112 S. Ct. 249 (1991). In 1977, the legislature also repealed and recreated sec. 974.02[4] making an order or judgment on habeas corpus nonappealable as of right and also subject to the permissive appeal in sec. 808.03(2). As a result of these statutory amendments, appellate review procedures for both habeas corpus and a motion to dismiss are now discretionary.

It follows therefore, that no consequential difference exists between the substantive review afforded by a motion to dismiss and a petition for habeas corpus in challenging bindovers. A comparison of the review process of a bindover by means of a motion to dismiss and habeas corpus supports this conclusion. First, in most circumstances, both a motion to dismiss and habeas

---

[3] *See* Chapter 187, Sec. 117, Laws of 1977. The present statute, sec. 808.03(2), Stats., states:

> (2)  APPEALS BY PERMISSION. A judgment or order not appealable as a matter of right under sub. (1) may be appealed to the court of appeals in advance of a final judgment or order upon leave granted by the court if it determines that an appeal will:
> (a)  Materially advance the termination of the litigation or clarify further proceedings in the litigation;
> (b)  Protect the petitioner from substantial or irreparable injury; or
> (c)  Clarify an issue of general importance in the administration of justice.

[4] *See* Sec. 127, Chapter 187, Laws of 1977. The present statute, sec. 974.02(1), Stats., states in relevant part:

> An appeal of an order or judgment on habeas corpus remanding to custody a prisoner committed for trial under s. 970.03 shall be taken under ss. 808.03(2) and 809.50, with notice to the attorney general and the district attorney and opportunity for them to be heard.

corpus will be heard by the circuit court. Dowe argues that unlike a motion to dismiss, a petition for habeas corpus can be made directly to the court of appeals and supreme court. This he claims is an essential difference because it affords the defendant review by someone other than the judge or commissioner who bound him over for trial.

■

Our review of habeas corpus indicates that when the lower court has concurrent jurisdiction to issue a writ, the court of appeals and the supreme court often decline to exercise their jurisdiction and instead, refer petitions for habeas corpus to the lower courts. *McCaffrey,* 124 Wis. 2d at 232–33; *State ex rel. LeFebre v. Abrahamson,* 103 Wis. 2d 197, 199, 307 N.W.2d 186 (1981). The basis for doing so is that the remedy before the lower courts is adequate, and the lower court's order might later come before the court of appeals or supreme court on review. *LeFebre,* 103 Wis. 2d at 199. Inasmuch as the courts do not have to exercise their jurisdictions and may refer the writ to the lower courts, the consequences are the same as a permissive appeal. A defendant petitioning the court of appeals or supreme court for a writ of habeas corpus will likely be in the same position as if he or she had brought a motion to dismiss before the circuit court. The difference will be in the delay and the cumbersome administrative procedures that will result from petitioning to a higher court.

Further, regardless of the potential alternate avenues of review, Dowe's argument is inapplicable to the case at hand. Dowe was bound over by a court commissioner and therefore, under either a motion to dismiss or a petition for habeas corpus, the person reviewing

the bindover will be someone other than the person who made the initial bindover decision.

Second, a defendant seeking review of a bindover by means of a motion to dismiss or a petition for habeas corpus will be afforded identical review of the bindover decision. Generally, the standard of review is stated as follows:

> "The reviewing court can examine the evidence only sufficiently to discover whether there was any substantial ground for the exercise of judgment by the committing magistrate. When the reviewing court has discovered that there is competent evidence for the judicial mind of the examining magistrate to act on in determining the existence of the essential facts, it has reached the limit of its jurisdiction and cannot go beyond that and weigh the evidence.' *State ex rel. Hussong v. Froelich,* 62 Wis. 2d 577, 583, 215 N.W.2d 390 (1974).

This same standard is applied whether the review is granted by means of a motion to dismiss or a petition for habeas corpus. In both, the court's review is limited to the transcript of the preliminary examination.

Third, and as stated previously, both habeas corpus and a motion to dismiss are subject to permissive appeal provisions under sec. 808.03(2), Stats., and thus neither remedy guarantees appellate review.

Based on the above, we conclude that a motion to dismiss provides virtually identical substantive review of a challenge to a bindover by a court commissioner as a petition for habeas corpus. Dowe concedes by petitioning for habeas corpus that habeas corpus is an adequate remedy for challenging a bindover by a court commissioner. Because a motion to dismiss provides identical review, we hold that a motion to dismiss is an

adequate remedy to challenge a bindover by a court commissioner. Further, because habeas corpus does not lie where other adequate remedies exist, we also hold that a writ of habeas corpus is no longer available for challenging a bindover by a court commissioner.

## II.

■

In light of the above conclusions, we must determine whether habeas corpus is available to challenge a bindover by a circuit court judge. In jurisdictions in which there is more than one judge and review is then afforded by a judge other than the one who presided at the bindover, we reach the same conclusion, based on the same rationale, that we reached in section I: habeas corpus is not available to challenge a bindover because a motion to dismiss provides an adequate remedy for such challenges.

A different circumstance is presented if a circuit court judge, rather than a court commissioner, presides at the bindover and that same judge is scheduled to review the bindover (as may be the case in single judge jurisdictions). However, this does not dictate a different result. When this is the case the defendant may exercise two options in order to avoid review by the same judge. First and foremost, the defendant has a right to a judicial substitution under sec. 971.20(4), Stats. Section 971.20 states in relevant part:

> **(2)** ONE SUBSTITUTION. In any criminal action, the defendant has a right to only one substitution of a judge, except under sub. (7). The right of substitution shall be exercised as provided in this section.
>
> . . .

**(4) SUBSTITUTION OF TRIAL JUDGE ORIGINALLY ASSIGNED.** A written request for the substitution of a different judge for the judge originally assigned to the trial of the action may be filed with the clerk before making any motions to the trial court and before arraignment.

Under this statute, a defendant has a right to a judicial substitution if the defendant makes a request after the preliminary examination and before he or she is arraigned or makes any motion before the court.

Second, the defendant has the right to seek discretionary appellate review under sec. 808.03(2), Stats., from the non-final order binding him over for trial. *See State v. Webb,* 160 Wis. 2d 622, 636, 467 N.W.2d 108 (1991). If granted, the court of appeals rather than a circuit court judge will review the bindover decision.

If the defendant chooses not to exercise these options, we believe that a fair and independent review of the bindover is nonetheless available. We are confident that a judge is capable of fair and impartial review of his or her own decision to bind a defendant over for trial. A judge in such a position will, upon review, have the benefit of hearing complete and competing legal arguments for and against bindover and will have the time to fully consider the bindover decision to determine if there is competent evidence to support it. Further, we assume that a judge in fidelity to the oath of office, will:

> [C]onduct the appropriate proceedings with due regard to the nature of those proceedings and the quantum of proof required. It is not constitutionally necessary to provide a different judge at every turn in the proceedings. (Footnote omitted.) *State v.*

*Cleveland,* 50 Wis. 2d 666, 672, 184 N.W.2d 899 (1971).

In sum, a defendant has adequate opportunities to avoid review by the same judge and if the defendant chooses not to exercise these options, he or she will nonetheless be afforded impartial and adequate review. Therefore, we hold that a motion to dismiss is an adequate remedy for challenging a bindover by a circuit court judge, and thus habeas corpus is not available for that purpose.

In light of our conclusion, one may wonder if by our decision, we have made a distinction without a difference by requiring a defendant to bring a motion to dismiss rather than a petition for habeas corpus. An obvious answer is the forum in which relief under habeas corpus may be granted. Section 782.03, Stats., provides that a writ of habeas corpus may be made to:

> [T]he supreme court, the court of appeals or the circuit court of the county, or to any justice or judge of the supreme court, court of appeals or circuit court or to any court commissioner, within the county where the prisoner is detained; or if there is no judge within the county, or for any cause he or she is incapable of acting, or has refused to grant the writ, then to some judge residing in an adjoining county . . ..

In contrast, a motion to dismiss must be made to the criminal court in which the case has been assigned. *See* secs. 972.11 and 807.02, Stats. Interests of expediency and the orderly process of criminal proceedings dictate that we limit a defendant's ability to "forum shop" when challenging bindover decisions. Compelling a motion to dismiss, as opposed to habeas corpus, meets those ends. In doing so, we preserve the substantive

review once afforded to the bindover decision by a writ of habeas corpus. Accordingly, we affirm the court of appeals' decision.[5]

*By the Court.*—The decision of the court of appeals is affirmed.

---

[5] Dowe alleges that this conclusion is contrary to the Wisconsin Constitution because it restricts the common-law use of the writ for challenging bindovers. *See Servonitz v. State,* 133 Wis. 231, 235–36, 113 N.W. 277 (1907) (stating that the legislature cannot abrogate the common-law scope of the writ). Our action does not abrogate the common-law scope of the writ. Consistent with the law, we simply hold that it is not available in this situation because another adequate remedy at law exists. *See Doxtater,* 248 Wis. 2d at 602.